**Enrique Reyes LEYVAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20790.**

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1967.

Enrique Reyes Leyvas, in pro. per.

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Marcus O. Tucker, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and SOLOMON, District Judge.

HAMLEY, Circuit Judge:

Enrique Reyes Leyvas appeals from a district court order denying his motion, made under Rule 35, Federal Rules of Criminal Procedure, to "Correct and/or Modify Sentence."

On April 29, 1957, Leyvas was convicted by a jury on counts 10, 11 and 17 of a multicount indictment for violations of section 2(c) of the Narcotic Drugs Import and Export Act, 70 Stat. 570 (1956), 21 U.S.C. § 174 (1964). He was sentenced to five years imprisonment and a five dollar fine on each count, with the sentences to run consecutively for a total sentence of fifteen years imprisonment and a fifteen dollar fine. On May 9, 1957, Leyvas filed a written election not to commence serving his sentence pending disposition of his appeal.

On August 13, 1958, this court affirmed the convictions. Leyvas, et al. v. United States, 9 Cir., 264 F.2d 272. On September 24, 1958, Leyvas, proceeding under Rule 35, Federal Rules of Criminal Procedure, filed a motion in the district court for reduction of his sentence. On December 5, 1958, the district court granted his motion to the extent of reducing, by nineteen months, the five-year sentence imposed on count 17.

In its order so reducing the sentence on count 17, the district court stated that this was done to give Leyvas credit for the time which he had spent in the county jail following the imposition of sentence. The effect of the reduction was to make the entire term of imprisonment on count 17, three years and five months, which period was to run consecutively and not concurrently with the sentences previously imposed on counts 10 and 11.

More than six years later, on February 24, 1965, the United States, proceeding under Rule 35, filed a motion "To Correct Illegal Sentence." Specifically, the Government asked the court to set aside the order of December 5, 1958, and to reinstate the originally-imposed five-year sentence on count 17. The stated ground for this motion was that under 21 U.S.C. § 174, as amended on July 18, 1956, by section 105 of the Narcotic Control Act of 1956, 70 Stat. 570, the minimum penalty for first offenders, which had been two years, was increased to five years.

Accordingly, the Government argued that the district court had no power to reduce the sentence imposed on count 17 below the mandatory five years specified in the 1956 Act. In addition, the Government argued that the district court had no power to credit, to a pending federal sentence, any period of time defendant elected not to serve.[1]

Counsel for Leyvas filed a written opposition to the motion to correct illegal

---

[1]. In this appeal the Government argues, as an additional and third reason why the district court was without power to reduce the sentence on count 17, that the order of December 5, 1958, reducing the original sentence, was entered more than sixty days after the mandate was received by the district court on September 16, 1958, following affirmance of the conviction. The Government argues that, notwithstanding the fact that the motion to reduce the sentence was filed eight days after the mandate was received by the district court, the sixty-day provision of Rule 35, read in conjunction with Rule 45(b), Federal Rules of Criminal Procedure, precluded the district court from acting thereon after expiration of the sixty days following receipt of the mandate.

sentence, and was present and participated in the argument on that motion on April 12, 1965. However, Leyvas was not personally notified of the hearing and was not present. On April 19, 1965, the district court granted the Government's motion setting aside the order of December 5, 1958, which had reduced Leyvas' sentence, and reinstating the five-year sentence on count 17, as originally imposed on April 29, 1957. Leyvas then filed his motion of July 6, 1965, to "Correct and/or Modify Sentence." This motion was denied on the day it was filed, and this appeal followed.

Leyvas argues that the amendatory enactment of July 18, 1956, providing for a five-year mandatory sentence for first offenders of 21 U.S.C. § 174, did not prevent the district court from reducing the sentence imposed on count 17 below the five-year minimum period. Leyvas reasons as follows: (1) count 17 alleges a continuing conspiracy which began on June 3, 1948; (2) according to that count, the last overt act was committed on April 27, 1956; and (3) since the last overt act preceded the July 18, 1956 amendment of 21 U.S.C. § 174, which raised the mandatory sentence for first offenders from two years to five years, that amendment is not applicable to count 17.

 Leyvas invokes Article I, section 9, clause 3 of the Constitution of the United States, forbidding enactment by Congress of any ex post facto law. Under that provision of the Constitution, any law which inflicts greater punishment than provided for when the federal crime was committed is ex post facto and inapplicable to that crime. Burgess v. Salmon, 97 U.S. 381, 384, 24 L.Ed. 1104;

United States ex rel. Forino v. Garfinkel, 3 Cir., 166 F.2d 887, 890. However, a statute increasing a penalty with respect to a criminal conspiracy which commenced prior to, but was continued beyond the effective date of such statute, is not ex post facto as to that crime. United States v. Borelli, 2 Cir., 336 F.2d 376, 386, note 5; United States v. Goldberger, et al., 3 Cir., 197 F.2d 330, 331.

The question, then, is whether the conspiracy charged against Leyvas in count 17 of the indictment, which commenced prior to the July 18, 1956 amendment increasing the penalty, continued beyond the date of the amendment. Count 17 alleges that the conspiracy continued until the indictment was returned on November 21, 1956. Leyvas argues, however, that for the purpose of applying the ex post facto provision, the conspiracy must be regarded as having been committed on the date of the last alleged overt act, which was April 27, 1956.

 In applying the ex post facto provision, those continuing criminal conspiracies which must be evidenced by overt acts, such as may be charged under the general conspiracy statute,[2] are regarded as having been committed on the date of the last overt act.[3] However, conspiracies charged under 21 U.S.C. § 174 need not be evidenced by overt acts.[4] The fact that overt acts are alleged in the indictment before us, involving section 174, is immaterial. The jury verdict on count 17 represents a finding that the conspiracy was committed as alleged, and that Leyvas participated throughout the conspiracy. Leyvas did not contend on his original appeal, and except for his point as to the necessity of showing an overt act, does not now contend, that

2. 18 U.S.C. § 371 (1964). See Fiswick, et al. v. United States, 329 U.S. 211, 216, 67 S.Ct. 224, 91 L.Ed.2d 196.

3. See United States v. Witt, 2 Cir., 215 F.2d 580, 584; Huff, et al. v. United States, 5 Cir., 192 F.2d 911, 915; cf. Williams v. United States, 5 Cir., 238 F.2d 215, 219.

4. The reason why this is true is fully discussed in United States v. Gardner, D.C.

N.D.Cal., 202 F.Supp. 256, with which reasoning we are in agreement. Cf. United States v. Galgano, 2 Cir., 281 F.2d 908, 910. Likewise, conspiracies charged under the Sherman Act, and at common law, need not be evidenced by overt acts. See Fiswick, et al. v. United States, 329 U.S. 211, 216, n. 4, 67 S.Ct. 224, 91 L. Ed.2d 196.

there is no substantial evidence to support the implicit jury finding that the conspiracy continued until November 21, 1956, and that he participated in it throughout.

We therefore hold that the July 18, 1956 amendment of 21 U.S.C., § 174, increasing the mandatory imprisonment for first offenders from two years to five years, is applicable to Leyvas' conviction on count 17. It follows that the district court was obliged to sentence Leyvas to imprisonment for at least five years on count 17. The reduction in the original five-year sentence to give Leyvas credit for serving nineteen months in jail after he had filed an election pursuant to Rule 38(a) (2), Federal Rules of Criminal Procedure, was therefore void. Accordingly, the district court was required to set aside that void order and reinstate the original five-year sentence.

However, neither the 1956 enactment nor any other statute which has been called to our attention required the trial court to make the mandatory five-year sentence on count 17 consecutive to the sentences imposed on the other counts. Thus, instead of impermissibly reducing the five-year sentence on count 17 to give Leyvas credit for the nineteen months he served in jail pending disposition of his appeal, the court could have made the originally-imposed five-year sentence on that count concurrent, to the extent of nineteen months, with the sentences imposed on the other two counts.

■ This possibility was apparently not presented to the district court when the matter was reopened on the Government's motion "To Correct Illegal Sentence," nor, indeed, has such a suggestion been made by Leyvas on this appeal. Nevertheless, we believe that in the interest of obtaining a just determination of this criminal proceeding (see Rule 2, Federal Rules of Criminal Procedure), the cause should be remanded so that the trial court may exercise its discretion in determining whether it wishes to grant such relief.

In our opinion, neither of the other objections the Government makes to the action of the trial court in reducing the originally-imposed five-year sentence by nineteen months stands in the way of modifying the sentence on count 17 by making it concurrent to the extent of nineteen months, instead of wholly consecutive with the other two counts.

■ One of these objections is based on the contention that, whether or not the 1956 statute pertaining to mandatory sentencing is applicable, the district court was without power to credit to that sentence any period of time Leyvas elected not to serve. The reference here is to the reason given by the district court in reducing the sentence by nineteen months, namely: the sentence " * * * should not be reduced except to give the defendant credit for the time which he has spent in the County Jail from the date of said sentence until the present date, * * *."

The rule has long been recognized that where under Rule 38(a) (2), as it existed prior to July 1, 1966, a convicted person appeals and elects not to commence service of the sentence, he is deprived of the right to claim credit for the time spent in jail pending the disposition of the appeal. This is because, under 18 U.S.C. § 3568, a sentence begins to run when the defendant is received at the place of service. See Powers v. Taylor, 10 Cir., 327 F.2d 498. Thus, under Rule 38(a) (2), as it existed when the district court entered its order reducing the sentence, habeas corpus applicants seeking an order requiring the warden to give credit on the sentence for time spent in custody pending the appeal, have been uniformly denied. See Allocco v. Heritage, 5 Cir., 310 F.2d 719; Shelton v. United States, 5 Cir., 234 F.2d 132; cf. Comulada v. J. T. Willingham, 10 Cir., 351 F.2d 936.

In our case, however, Leyvas did not seek an order requiring the warden to credit time to an existing sentence, nor did the district court enter such an order. Instead, it modified the existing sentence by the amount of time Leyvas had served in jail pending the appeal. While, as we have held, the particular way in which this was accomplished is impermissible

because it breached the five-year mandatory sentence procedure, the same result could have been obtained by making the original five-year sentence concurrent to the extent of nineteen months. No case has been called to our attention holding that the trial court may not, under Rule 35, Federal Rules of Criminal Procedure, modify a sentence in this manner to give credit for so-called "dead" time.

Moreover, Rule 38(a) (2) was amended, effective July 1, 1966, to eliminate the words "elects not to commence service of the sentence," so that no such election procedure is now available. Paragraph 2 of the order of the Supreme Court, dated February 28, 1966, promulgating amended Rules of Criminal Procedure, provides that the amended rules shall govern all criminal proceedings commenced after July 1, 1966, " * * * and so far as just and practicable all proceedings then pending." Under the particular circumstances of this case we think that it is just and practicable that amended Rule 38(a) (2) apply here.

■ As stated in note 1, above, the Government also argues that since the order of December 5, 1958, reducing the original sentence was entered more than sixty days after the mandate was received by the district court on September 16, 1958, following affirmance of the conviction, it is invalid under Rule 35, read in conjunction with Rule 45(b), Federal Rules of Criminal Procedure.

Rule 35 provides that the court may reduce a sentence within sixty days after the sentence is imposed, or within sixty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. Rule 45 (b) provides, in part, that the court may not enlarge the period for taking any action under Rule 35.

The mandate in question was received by the district court on September 16, 1958. Leyvas filed his motion for modification of sentence eight days later. Due to continuances, the motion was not heard until November 24, 1958, which was eight days beyond the sixty-day period. On that day the court orally modified the sentence. The formal order modifying the sentence on count 17 was entered on December 5, 1958, which was nineteen days after the expiration of the sixty-day period.

While Rule 35 states that the court may reduce a sentence "within 60 days," the rule generally has been interpreted as relating that time period to the filing of a motion for such relief. See Dodge v. Bennett, 1 Cir., 335 F.2d 657; United States v. Koneski, 4 Cir., 323 F.2d 862; Johnson v. United States, 5 Cir., 235 F. 2d 459, 461.[5]

We hold that, in view of the timeliness of Leyvas' motion for reduction of sentence, the district court's action thereon after the expiration of the sixty-day period was not thereby invalidated.

If the district judge should be able, upon the basis of his familiarity with the record and his recollection of his wishes, to modify the judgment so as to accomplish the relief which appellant seeks, he would be permitted to do this without requiring appellant's personal appearance. Otherwise, under the special circumstances of this case Leyvas should be permitted to appear in person, and by counsel, at a further hearing to consider whether such relief should be granted.

Reversed and remanded for further proceedings consistent with this opinion.

---

5. In 8 Moore's Federal Practice, 2d ed., § 35.02 [a], at page 35–4, it is said:
"It should be noted that the period is not defined as the time within which the motion may be made, but is rather the time within which the *court may act.* Technically, this permits the court's failure to act upon a motion to preclude relief. The present language of the Rule is satisfactory as a limitation upon the court's power to act sua sponte, but it should be rephrased to permit the court to act upon a motion of defendant as long as it is made within the period. Despite the deficiency in the Rule, however, it appears that the latter interpretation is followed by most courts, and acquiesced in by most prosecutors, as a matter of salutary practice." (Emphasis in original.)