**UNITED STATES of America**

**v.**

**Louis M. URSINI, Jr.**

**Crim. No. 11972.**

United States District Court
D. Connecticut.

Nov. 13, 1968.

See also 402 F.2d 821; 276 F.Supp. 993.

J. Daniel Sagarin, Asst. U. S. Atty., New Haven, Conn., for the United States.

Timothy C. Moynahan, Waterbury, Conn., for defendant.

TIMBERS, Chief Judge.

Defendant Louis M. Ursini, Jr. has filed his fourth motion for reduction of sentence, pursuant to Rule 35, Fed.R. Crim.P. For the reasons stated below, the motion is denied.

■ Normally it is not incumbent upon the Court to state its reasons for denying a motion for reduction of sentence. In view of the circumstances under which the instant motion has been made, however, and in view of the substantial sentence involved, a brief statement of the Court's reasons for denying the motion would appear to be appropriate.

■ There is a threshold question, noticed by the Court *sua sponte,* as to its jurisdiction to act on the instant motion. Ursini was sentenced on November 6, 1967. His appeal to the United States Court of Appeals was dismissed by a stipulation dated May 14, 1968, signed by counsel for the parties and by Ursini personally; the stipulation of dismissal was "SO ORDERED" by the Court of Appeals (Honorable Leonard P. Moore) on May 27, 1968; and the mandate issued upon the dismissal of the appeal was received by the District Court on May 29, 1968. The instant motion for reduction of sentence was filed on August 31, 1968 and was claimed for hearing on September 17, 1968.

Rule 35, Fed.R.Crim.P., in relevant part, provides:

"The court may reduce a sentence . . . within 120 days after receipt by the court of a mandate issued upon . . . dismissal of the appeal . . .."

Although more than 120 days have now elapsed since the District Court received the mandate of the Court of Appeals issued upon dismissal of the appeal, the motion for reduction of sentence was filed well within that 120 day period.

Despite some authority to the contrary, this Court holds that it has jurisdiction to act upon defendant's motion filed within the 120 day period. Leyvas v. United States, 371 F.2d 714, 719 (9 Cir. 1967); Dodge v. Bennett, 335 F.2d 657 (1 Cir. 1964); United States v. Koneski, 323 F.2d 862 (4 Cir. 1963); Johnson v. United States, 235 F.2d 459, 461 (5 Cir. 1956); see 8 Moore's Federal Practice ¶ 35.02[2], at 35-4 (2d ed. 1968).[1]

■ The nature of the crime for which Ursini was indicted, tried, convicted by a jury and sentenced to 24 years in prison appears in the opinion of the Court of Appeals affirming the co-defendant Capaldo's conviction, supra note 1, and in the opinion of this Court ordering that both Ursini and Capaldo be held without bond pending appeal. United States v. Ursini and Capaldo, 276 F.Supp. 933 (D. Conn.1967).

In short, Ursini and Capaldo were convicted of holding up the Oakville Office of the Waterbury Savings Bank at gunpoint one week before Christmas in 1963. Ursini was armed with an automatic pistol, Capaldo with a sawed-off shotgun. Under threat of being killed, four lady bank tellers were forced to turn over to defendants some $20,000, most of which has never been recovered. Defendants herded the four tellers to the rear of the bank at gunpoint, forced them to lie down, and defendants then escaped. Both defendants had taken great pains to disguise and conceal their identities. Ursini was dressed as a woman, including a blond wig and heavy make-up. Capaldo wore a hooded jacket and mask.

After a 14 day trial at New Haven, both defendants were convicted on October 4, 1967 of three counts of violations of the Federal Bank Robbery Act, 18 U. S.C. §§ 2113(a), 2113(b) and 2113(d). Ursini was sentenced to 24 years impris-

---

1. Moreover, the delay in acting upon the instant motion by Ursini for reduction of sentence has been due in part to this Court's reluctance to act while the co-defendant Capaldo's appeal was pending.

Capaldo's conviction was affirmed by the the Court of Appeals on October 7, 1968. United States v. Capaldo, 402 F.2d 821 (2 Cir. 1968).

onment and was fined $10,000[2] under the armed bank robbery count, 18 U.S.C. § 2113(d). Capaldo was sentenced to 22 years imprisonment and was fined $10,000 under the same count. The sentence of imprisonment in the case of each defendant was imposed pursuant to 18 U.S.C. § 4208(a) (2).

At the time of imposing sentence on November 6, 1967, the Court made the following remarks:

"The seriousness of the crimes of which these defendants have been convicted is reflected in the severity of the punishment which Congress has authorized—imprisonment up to 10 years, 20 years and 25 years under the three counts upon which they have been convicted. And if they had killed or kidnapped anybody while robbing the bank or while trying to get away, they would face a mandatory death penalty if the jury so directed.[3] If this sounds like grizzly business, it is just that; as likewise is the business of robbing a bank. It is nothing short of providential that people have not been killed and injured during the course of such barbarous conduct as that committed by these defendants in holding up the Oakville bank.

In sentencing these defendants, the Court considers each as an individual; has taken into account the particular facts of each defendant's case, including the representations made by each defendant's counsel this morning; and has weighed the information disclosed in the careful, thorough and eminently fair pre-sentence reports prepared by a probation officer with respect to each defendant.

The sentences about to be imposed are intended as solemn, stern, unmistakable warnings that the United States, through this United States District Court, is not powerless to protect the public against the depredations of such men as these defendants. Such protection, through the performance of my duties as a federal judge in accordance with the laws of the United States, is precisely what the public demands, deserves and shall have. The sentences about to be imposed, therefore, are stern warnings to any who may have it in their mind to rob a bank in this State that to do so, or to attempt to do so, is tantamount to acquiring a one way ticket to a federal penitentiary for a good long stretch. For when you are apprehended—as you surely will be—and if you are convicted, you will be dealt with severely, *and I mean severely,* within the limits of punishment authorized by federal law."

Now that a year has elapsed, the Court emphatically reaffirms its remarks at the time of sentencing. The only relevant changes in circumstances during the intervening year are that Ursini's appeal has been dismissed by stipulation; Capaldo's conviction has been affirmed on appeal; and Ursini has represented to the Court that his model conduct as a prisoner demonstrates that he should be permitted to return to his wife and children who have suffered as a result of their separation from him.

The Court is not insensitive to the hardship inflicted upon a family when a husband and father is incarcerated in any case, including the instant one. This factor is one, among others, which the Court weighed carefully at the time of imposition of sentence. And it is one of the reasons the Court imposed sentence pursuant to 18 U.S.C. § 4208(a) (2), the Court having stated at the time of sentencing that "the Court [is] of the

---

2. The fine imposed upon each defendant was a committed fine. Each was ordered to pay the fine within 30 days from the date of sentence. Neither defendant has paid his fine.

3. The Supreme Court on April 8, 1968 held the death penalty provision of the Fed-

eral Kidnaping Act, 18 U.S.C. § 1201(a), to be unconstitutional. United States v. Jackson, 390 U.S. 570 (1968). This decision renders doubtful the constitutionality of the death penalty provision of the Federal Bank Robbery Act, 18 U.S.C. § 2113(e).

opinion that the ends of justice and the best interests of the public require that the Court fix the maximum sentence to be served and that defendant may become eligible for parole, if at all, at such time as the United States Board of Parole may determine." The Court reaffirms now what it said in this regard at the time of sentencing.

Much has been said recently of law and order. The instant case illustrates the full gamut of what law and order means in the practical application of federal criminal justice. The seriousness of the crime of federal bank robbery is reflected in the severity of the punishment Congress has authorized— up to 25 years imprisonment for the crime of which defendants were convicted. The investigation which resulted in solving this crime, performed under difficult circumstances but in the very highest traditions of the Federal Bureau of Investigation, was one of the most commendable instances of meticulous police work—particularly on the part of Special Agent William B. Zimmerman— that has come to the attention of this Court. After arrest and throughout the trial, Ursini was represented by able court appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and was accorded the benefits of the liberal provisions of the Bail Reform Act, 18 U.S.C. § 3146. The government's case was presented vigorously, fairly and with a high degree of professional skill by competent government counsel. After a trial presided over fairly and with scrupulous concern for the rights and interests of defendants,[4] a jury found both defendants guilty as charged on all counts. Following a presentence investigation and report, the Court imposed sentences which in its opinion would afford the maximum protection to society authorized by law and at the same time would afford defendants the institutional treatment each required in accordance with the particular facts of each case.

Ursini filed a notice of appeal but stipulated for its dismissal before it was heard. Capaldo's conviction was unanimously affirmed on appeal. Supra note 4.

Under these circumstances and particularly on the basis of the representations now made to the Court in support of the instant motion, to reduce Ursini's sentence would not be in the public interest. It would make a mockery of law and order. I refuse to do so.

### ORDER

ORDERED that defendant Ursini's fourth motion for reduction of sentence, pursuant to Rule 35, Fed.R.Crim.P., be, and the same hereby is, denied.

---

4. At least the Court of Appeals has so held. United States v. Capaldo, 402 F.2d 821, 825 (2 Cir. 1968).