UNITED STATES of America,
Plaintiff-Appellee,

v.

Cliff KRUEGER, Defendant-Appellant.

No. 71-2229.

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1972.

Roger J. Nichols, Carlos Solis, of Kindel & Anderson, Los Angeles, Cal., John A. Hoskins, of Anthony, Waddoups & Brown, Honolulu, Hawaii, for defendant-appellant.

Robert K. Fukuda, U. S. Atty., Joseph M. Gedan, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before BROWNING, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Krueger appeals from the district court's denial of his motion to reduce his sentence under the provisions of Rule 35, Federal Rules of Criminal Procedure. He had entered a plea of guilty to one count of a multiple-count indictment charging him with giving false information to the Federal Home Loan Bank Board, and he was sentenced to two years imprisonment. Within the time prescribed by Rule 35, Krueger moved the district court to reduce his sentence. He filed in support of the motion a series of affidavits and letters from prison authorities praising his performance, his attitude, and his repentance during his incarceration. He also supplied his own letter.

The day after the motion had been filed the district court denied the motion without a hearing. The court observed in the order denying the motion:

"This court does not equate 'repentance,' even if such is accepted as a fact, with rehabilitation. The motion and affidavits presented to this court at this time are such as would best be referred to the Board of Parole, Bureau of Prisons, for their consideration, and copies thereof are being forwarded to that Board."

Appellant contends that in denying the motion without entertaining argument from counsel and without a hearing, the district court abused its discre-

tion. Alternatively, appellant argues that the district court did not exercise its discretion.

The district court denied the motion on the merits. The court's indication that it was forwarding the documents to the Board of Parole was an effort to bring the facts to the prompt attention of the Board after the court itself refused relief.

A rule 35 motion is addressed to the district court's discretion. (Flores v. United States (9th Cir. 1956) 238 F.2d 758, 760.) The rule does not require that court to hear oral argument or to hold a hearing, and we cannot say that the district court's refusal to do so was an abuse of discretion. (See Gilinsky v. United States (9th Cir. 1964) 335 F.2d 914, 916–917.)

Although the facts stated in the documents underlying Krueger's motion presented an affecting case for reconsideration of the sentence, we cannot and do not substitute our judgment for the discretion committed solely to the district court.

The order is affirmed.