**UNITED STATES of America, Plaintiff,**

v.

**Jose Hernandez ESTELA, Defendant.**

**Civ. No. 117–71.**

United States District Court, D. Puerto Rico.

Oct. 18, 1972.

Julio Morales-Sanchez, U. S. Atty., Old San Juan, P. R., for plaintiff.

Jose Hernandez Estela, pro se.

**ORDER**

TOLEDO, District Judge.

On September 15, 1972, defendant herein filed a motion, wherein he requests, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the modification of the sentence imposed upon him by this Court. Said motion was accompanied by a memorandum of law in its support. On the same date, the Court denied the motion for lack of jurisdiction in view of the fact that more than 120 days had elapsed since the imposition of sentence.

On September 25, 1972, the government filed a motion in opposition to defendant's motion accompanied by a memorandum of law; which motion was not considered, being it unnecessary in view of this Court's disposition of September 15, 1972.

Defendant has again, by an undated letter, ordered to be filed today, referred to his motion filed on September 15, 1971, denied by the Court on the same day. On said letter, he requests this Court to comment on the validity of the authorities he cited in his memorandum in support of his motion of September 15, 1971.[1]

The Court deems appropriate to consider defendants undated letter-request as a petition for reconsideration of the denial of September 15, 1972, of the post conviction motion for reduction of sentence filed by him on the same day.

---

1. Defendant, in support of his motion of September 15, 1972, predicated on the assertion that this Court has jurisdiction to modify its sentence notwithstanding that more than 120 days have elapsed since sentence was imposed, basically asserted as legal authorities the following federal decisions: United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928) ; Hazel-Atlas Glass Co. v. Hartford, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), reh. den. 322

U.S. 772, 64 S.Ct. 1281, 88 L.Ed. 1596, Roberts v. Hunter, (10 Cir. 1943), 140 F.2d 38 ; Gilmore v. United States (10 Cir. 1942), 124 F.2d 537; Gargano v. United States (9 Cir. 1944), 140 F.2d 118; Bowen v. United States (5 Cir. 1943), 134 F.2d 845. The defendant also cites Daldrone v. United States, supposedly of the Second Circuit, at 145 F. 2d 6, a case this Court has been unable to find either in the cited volume or in any other of the Federal Reporters.

In the case herein, the defendant, who pleaded guilty to conspiracy to commit bank robbery (Count One) and to aiding and abetting in a bank robbery (Count Two), was sentenced on December 10, 1971, to a period of confinement of five years in Count One and twelve years in Count Two, said sentences to be served concurrently with each other. It is not until September 15, 1972 that is, 280 days after imposition of sentence, that defendant comes forward with a post conviction request for a reduction of sentence.

The reduction of sentence is governed by Rule 35 of the Federal Rules of Criminal Procedure, as amended, Title 18, United States Code, which states:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law."

The above cited Rule has to be read in conjunction with Rule 45(b) of the same federal rules which deals with the enlargement of time and provides as follows:

"When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them."

■■ Since the adoption of the Federal Rules of Criminal Procedure in 1946, and the abrogation of any effect of the expiration of term of court, Rule 45(c) of the Federal Rules of Criminal Procedure, on February 28, 1966, effective July 1, 1966, the provisions of Rule 35 of said Rules have governed the power to reduce sentences in the federal system. The time limitation stated in Rule 35, first 60 days, now 120 days, is jurisdictional and cannot, under any circumstances be extended by order of the court[2] to enlarge the time in which a defendant may move for a reduction of sentence.[3] That is, if the motion is un-

---

2. United States v. Ellenbogen (2 Cir. 1968), 390 F.2d 537; Urry v. United States (10 Cir. 1963), 316 F.2d 185; United States v. Chicago Professional Schools, Inc. (7 Cir. 1962), 302 F.2d 549.

3. The nature of the present case and its disposition makes it unnecessary to determine whether this court may validly act on a timely filed motion for reduction of sentence after the 120 days set forth in Rule 35 has elapsed, without any consideration on the part of the court. There are authorities to sustain that a court can so act, as well as authorities to the contrary. See for example Leyvas v.

United States (9 Cir. 1967), 371 F.2d 714; Dodge v. Bennett (1 Cir. 1964), 335 F.2d 657; United States v. Ursini (D. Conn.1968), 296 F.Supp. 1152. Contra, see United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1959); Peterson v. United States (8 Cir. 1970), 432 F.2d 545; United States v. Ellenbogen, supra; United States v. Reeves (D.N.Y.1966), 40 F.R.D. 93; United States v. Marchese (9 Cir. 1965), 341 F.2d 782, cert. den. 382 U.S. 817, 86 S. Ct. 41, 15 L.Ed.2d 64. See also 8-A Moore's Federal Practice, 2d ed., S. 35.02, page 35-6; 2 Federal Practice and Pro-

**212**

timely filed under Rule 35 and the sentence is a lawful one, the court is powerless to act. United States v. Gorman (5 Cir. 1970), 431 F.2d 632; United States v. Marchese (9 Cir. 1965), 341 F.2d 782, cert. den. 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64; United States v. Koneski (4 Cir. 1963), 323 F.2d 862; Urry v. United States (10 Cir. 1963), 316 F.2d 185; Stern v. United States (4 Cir. 1955), 219 F.2d 263; United States v. Fitzgerald (D.C.Mo.1968), 292 F.Supp. 360; United States v. Carmel (D.C.N.Y.1963), 215 F.Supp. 269.

The cases cited by the defendant[4] in support of his motion are not applicable to the situation herein being considered for they are all cases decided prior to the enactment of Rule 35 in 1946.

Wherefore, in view of the foregoing, the Court hereby orders, that defendant's motion for reconsideration be and the same is hereby denied for want of jurisdiction to entertain the same.

It is so ordered.

cedure, Section 587, page 572–73, 1969 ed. Although Moore, in relation to the pre 1966 Rule 35 recommended the most liberal interpretation, today he is of the opinion that "with the additional sixty days now allowed for the court to act upon the motion, it will hopefully no longer be necessary to stretch the language of the Rule in this way." 8–A Moore's Federal Practice, supra, note 1011, at page 35.6.

