**Wilson M. IRIZZARY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Crim. No. 72–94.**

United States District Court, D. Massachusetts.

Jan. 15, 1973.

---

Oscar Gonzalez-Suarez, New York City, for petitioner.

Alan Hoffman, for respondent.

ALVIN B. RUBIN, District Judge:*

On June 26, 1972, Mr. Irizzary was sentenced to imprisonment for 6 years, followed by a special parole period of three (3) years. He has moved the court, pursuant to Rule 35, F.R.Cr.P., for a reduction in sentence on the ground that his absence from his home due to his incarceration works a hardship on his wife and children.

Rule 35 must be read in conjunction with Rule 45(b). Rule 35 provides " * * * [A] court may reduce a sentence within 120 days after the sentence is imposed * * *." [1] Rule 45(b) provides, in part, that the court may not enlarge the period for taking action under Rule 35.[2] The 120 day requirement,

---

* Visiting judge, sitting by special designation.

1. " . . . The court may reduce a sentence within 120 days after the sentence is imposed . . . "

2. Rule 45. *Time*

(a) Computation. In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. . .

(b) Enlargement. When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure

then, is mandatory—the court has no discretion to alter it. The time limit is jurisdictional. Peterson v. United States, 8 Cir., 1970, 432 F.2d 545, 546; United States v. Ellenbogen, 2 Cir., 1968, 390 F.2d 537, 541; United States v. Robinson, 1960, 361 U.S. 220, 224–226, 80 S.Ct. 282, 4 L.Ed.2d 259; 8A J. Moore, Federal Practice § 35.02 [2] (2d ed. 1969).

The 120 day period is technically not the time within which the motion may be made, but is rather the time within which the court may act. 8A J. Moore, Federal Practice § 35.02[2] (2d ed. 1969). However, as a matter of practice, the requirement has been interpreted to permit a court to act upon a motion as long as the motion is made within that period. Johnson v. United States, 5 Cir., 235 F.2d 459, 461; Leyvas v. United States, 9 Cir. 1967, 371 F.2d 714, 719; Dodge v. Bennet, 1 Cir. 1964, 335 F.2d 657; United States v. Koneski, 4 Cir. 1963, 323 F.2d 862; United States v. Ursini, D.Conn.1968, 296 F.Supp. 1152. 8A J. Moore's Federal Practice § 35.02 [2] (2d ed. 1968). Therefore, though more than 120 days have elapsed since the date of sentence, the court may still have authority to act on the defendant's motion.

Irizzary has filed two motions under Rule 35 F.R.Cr.P., one dated October 18, 1972, and the other dated October 25. Irizzary neither speaks nor writes English. His motions were, therefore, written by fellow inmates: they are less than artfully drawn and undoubtedly not entirely accurate in their translations.

The October 18, 1972 motion is for correction of sentence and only in an indirect manner requests a sentence reduction. The October 25, 1972 motion is a direct appeal for reduction but is untimely—falling without the 120 day period mandated by Rules 35 and 45. In the light of Irizzary's lack of facility with the English language, and in view of his confusion as to his term of sentence, matters discussed during his conversations with his attorney as well as to various orders pronounced by the court, the court will treat the October 18, 1972 motion as a properly raised motion for reduction of sentence. The United States Attorney has been given an opportunity to express a position on this matter and has stated that he has no opposition to the court's conclusion. So construed, the motion is timely, and the court has jurisdiction to entertain it.

The facts alleged by the defendant in support of his contention that his family situation is deteriorating because of his absence have all been verified by William Hogan, Chief Probation Officer for the United States District Court, District of Massachusetts. In the light of his investigation, Hogan has recommended that Irizzarry's sentence be reduced to 4 years, plus, of course, the mandatory special 3 year probationary period.

In accordance with this recommendation and for the reasons stated above, the defendant's sentence is ordered reduced from 6 years, followed by a 3 year special parole period to 4 years, followed by a 3 year special parole period.

to act was the result of excusable neglect; *but the court may not extend the time for taking any action under*

*Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them.*