**Cesar E. FUENTES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Crim. No. 75–71.**

United States District Court,
D. Puerto Rico.

April 10, 1973.

Cesar E. Fuentes pro se.

Julio Morales Sanchez, U. S. Atty., Old San Juan, Puerto Rico, for defendant.

### MEMORANDUM AND ORDER

TOLEDO, District Judge.

This cause is before the Court pursuant to petitioner's motion of March 22, 1973, wherein he requests this Court to vacate the sentence imposed upon him by this Court on December 10, 1971 and to, accordingly, resentence him under the provisions of Title 18, United States

Code, Section 4208(a)(2).[1] The mentioned motion likewise requests that this Court set aside its Order of January 30, 1973 entered in this cause, and grant a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure,[2] as originally requested by him by motion of March 9, 1972.

The underlying facts and circumstances of this cause may be summarized as follows:

Petitioner was charged, on June 10, 1971, in addition to other five codefendants, in a four counts indictment, with violations of Title 18, United States Code, Sections 2, 371 and 2113(a), (d), (e) and (f), for his participation in a bank-robbery involving over $500,000.00. On August 27, 1971, a pretrial conference was held at which petitioner's counsel was present and when the likelihood of a change of plea on the part of petitioner was discussed. On September 1, 1971, petitioner changed his plea of not guilty to the four counts to guilty as to counts one, two and three, and the Court on the same day referred the case to the United States Probation Officer for a presentence investigation and report. Said report was submitted to the Court on November 29, 1971. After a full and ardent consideration of this report[3] the Court, on December 10, 1971, imposed sentence on the petitioner for the offenses charged in counts one and three of the indictment; said sentence being of five (5) years on the first count (Title 18, United States Code, Section 371, to violate Section 2113(a) and (f) of the same Title), and eighteen (18) years on the third count (charging a violation of Title 18, United States Code, Sections 2 and 2113(d) and (f)); both sentences to run concurrently. No sentence was imposed on count two (charging a violation of Title 18, United States Code, Sections 2 and 2113(a) and (f)), of which petitioner also pleaded guilty. After sentencing, counts two and four were dismissed.

On March 9, 1972, the petitioner filed a motion for reduction or modification of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, which motion inadvertently failed to come to the attention of this Court. In said motion petitioner moved this Court to reconsider its sentence in view of his age (then 30 years), his feeling that he stands a chance of complete rehabilitation, his views as to the severity of the sentence and its impact upon his family (wife and three children) and his assertion that he was not apprehended, but voluntarily turned himself in. In view of this Court's lack of disposition over

---

1. Title 18, United States Code, Section 4208 (a) reads:

"Fixing eligibility for parole at time of sentencing. (a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine"

2. Rule 35 of the Federal Rules of Criminal Procedure, states:

"Correction or Reduction of Sentence.
The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. *The court may reduce a sentence within 120 days after the sentence is imposed,* or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. (emphasis added).

3. The Court also considered during the period between November 29, 1971 and December 10, 1971, the presentence reports on other codefendants charged for the same criminal event, which other codefendants were sentenced on the same day petitioner was sentenced.

his request of March 9, 1972, the petitioner, on January 23, 1973, addressed a letter to this Court reiterating, basically, his views on the merits of his petition. Said last letter was accepted by the Court as a motion or petition under the mentioned Rule 35 and denied for lack of jurisdiction over the matter by Order of January 30, 1973. It is the Order of January 30, 1973 that he now moves to set aside requesting that his cause be considered in the light of his Rule 35 motion of March 9, 1972, as it may have been supplemented by his letter-motion of January 23, 1973.

■ In order that this Court may enter into the merits of petitioner's request, it must first be determined whether this Court has jurisdiction to entertain his petition. The facts expressed above clearly reflect that the Rule 35 motion was filed within the 120 days mentioned by the Rule, but that it was not entertained within said period. In United States v. Estela, 58 F.R.D. 210, (Order entered on October 18, 1972), this Court, then confronted with a Rule 35 motion filed after the 120 day period provided in the Rule, expressed in footnote 3 the authorities in favor of jurisdiction under our present situation, as well as those in opposition. We therein expressed that an assertion of jurisdiction over a Rule 35 motion timely filed, but unattended within the said period could very well be predicated upon the authority contained in Leyvas v. United States (9 Cir. 1967), 371 F.2d 714; Dodge v. Bennett (1 Cir. 1964), 335 F.2d 657 and United States v. Ursini (D.C.Conn.1968), 296 F.Supp. 1152; cases which rely on the expressions of the United States Supreme Court in the case of Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), where an enlargement of time for appeal was allowed under Rule 37 of the Federal Rules of Criminal Procedure, which Rule at the time regulated the term for appeals.

Recently, Chief Judge Hiram R. Cancio of this Court, in the case of United States v. Ruiz, (Criminal No. 185–71, Memorandum and Order entered on December 26, 1972), while considering a motion for reconsideration of his earlier denial to consider a Rule 35 motion filed by letter within the 120 day period specified in the Rule, but unattended on its merits within the period, was moved by the gross unfairness such a denial would cause, under the circumstances therein present. He therein determined that under said special circumstances when the petition is filed or intended to be filed within the 120 day period provided in the Rule, the Court has jurisdiction to entertain the petition, even though the 120 day period has elapsed at the time the motion is to be considered. In so deciding, Chief Judge Cancio followed the proposition advanced in Dodge v. Bennett, supra,[4] that the Rules of Criminal Procedure are not to be rigidly applied, especially in cases where the prisoner's petitions are untimely through no fault of his own.

In view of the foregoing, disposition on the jurisdictional aspect of the present consideration, this Court now moves to the consideration of the merits of petitioner's motion.

■■ It is well settled that a court in imposing sentence may properly give consideration to matters contained in the presentence report prepared by the Office of the Probation Officer. United States v. Koneski (4 Cir. 1963), 323 F.2d 862, and cases cited therein. In determining the severity of the sentence to be imposed a court may consider any relevant information bearing on such a question, United States v. Melillo (D.C. N.Y.1971), 336 F.Supp. 1169.

---

4. The expressions made by the Supreme Court in United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 case cited by this Court in United States v. Estela, supra, footnote number 3, are applicable to the case where the Rule 35 motion is filed after the 120 days period provided in the Rule and not to the situation at bar.

When this Court imposed sentence upon the petitioner an ardent consideration was given to this presentence report. His case, as well as that of all the other codefendants charged for their participation in the bankrobbery, which codefendants were equally sentenced on the same day, was given an elaborate consideration by this Court. All sentences were imposed within the statutory limits provided in the respective dispositions of the law in this Court's exercise of its discretion in imposing sentence. See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); McGee v. United States (2 Cir. 1972), 462 F.2d 243.

The Court has now given ample consideration to petitioner's request and the moving papers. It does not feel sufficiently motivated by the request of the petitioner, for it is of the opinion that justice is best served by having sentence remain as it was originally set.

We, nevertheless, consider appropriate to remind the petitioner that depending upon his conduct during his prison term he will be able to earn good behavior time and shorten his commitment in the institution, by earning the benefits of parole.

Since it is well settled that a motion to reduce sentence is addressed to the discretion of the Court, United States v. Krueger (9 Cir. 1972), 454 F. 2d 1154; United States v. Sanders (5 Cir. 1971), 438 F.2d 344; and that the Court in considering such motion is not required to hear oral argument or hold a hearing. United States v. Krueger, supra, this Court now ORDERS that petitioner's motion be denied.

In view of the foregoing, the Court hereby ORDERS that this Court's Order of January 30, 1973 be and the same is hereby set aside; and it is further

Ordered, that petitioner's motion of March 9, 1972, as supplemented by the letter-motion of January 23, 1973, is hereby denied; and it is further

Ordered, that petitioner's motion of March 22, 1973, be and the same is likewise denied.

It is so ordered.