**UNITED STATES of America,
Appellee,**

**v.**

**Ersel STOLLINGS, Appellant.**

**No. 75–1244.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1975.

Decided June 5, 1975.

Lafe C. Chafin, Huntington, W. Va. (Barrett & Chaffin, Huntington, W. Va., on brief), for appellant.

H. Marshall Jarrett, Asst. U. S. Atty. (John A. Field, III, U. S. Atty., and Frank E. Jolliffee, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, ANDERSON *, Senior Circuit Judge, and CRAVEN, Circuit Judge.

HAYNSWORTH, Chief Judge.

The question is whether the district court loses jurisdiction to act upon a motion for reduction of a sentence under Rule 35, Fed.R.Crim.P., at the expiration of the applicable 120 day period, though a motion for such reduction had been filed within that time period. We hold that jurisdiction is not lost under such circumstances, at least for so long as the judge reasonably needs time to consider and act upon the motion.

Rule 35 provides in pertinent part:

"The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal . . . ."

Stollings filed a motion for reduction of his sentence 119 days after the clerk had received the mandate issued by this court affirming his conviction for making a false declaration to a grand jury. United States v. Stollings, 501 F.2d 954 (4th Cir. 1974). Four days later the district judge held a hearing on the motion, immediately after which he denied the motion for lack of jurisdiction because it was not filed in time for him to consider it within the 120 day period. He stated, however, that had the motion been entertained within the period he would have reduced Stollings' sentence from three years to 179 days.

The district court's position is not without rationality, of course. The rule does not speak in terms of the time within which the motion must be filed. A strictly literal reading would relate the time period to the court's action rather than to the defendant's motion for relief, and there is some indication that the Advisory Committee on Criminal Rules, when considering the 1966 amendments, thought that expiration of the 120 day period would deprive the court of jurisdiction to act upon a motion for reduction of sentence filed within the time limit. See 2 C. Wright, Federal Practice & Procedure, § 587 at 573. Rule 45(b) provides that the court may not enlarge the period for action on a motion under Rule 35, and the time limitation is frequently referred to as jurisdictional. See, e. g., United States v. Regan, 8th Cir., 503 F.2d 234.

We need not give the Rule so literal a reading, however, and we can not assume that such a reading was intended when the consequences would be so devastatingly and arbitrarily fortuitous. For any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court long before expiration of the 120 day period. The judge may be ill, absent from his district on vacation or for service in some other district, or preoccupied in the trial of a protracted case which should not be interrupted for the conduct of unscheduled hearings in other matters. Frequently in these cases, evidentiary hearings must be held, as in this case, or a medical examination procured. In any such case, witnesses must be summoned or medical reports received, or both.

In such instances, the time required for the court's consideration and action upon the motion is wholly beyond the control of the convicted defendant. He has no means of predicting with any assurance whether the court's need of time

* Second Circuit Judge, Sitting by Designation.

to reconsider and act upon his motion will be for one week, two weeks, four weeks, or two months, and if delay flows from the incapacity, the absence or the preoccupation of the judge, its consequences should not be visited upon the prisoner.

Rule 35 was initially adopted in an effort to reform the erratic time limitation, applicable under the old common law rule, that a trial court lost jurisdiction to act upon such motions with the rising of the court. Though there was probably no such loss of jurisdiction if the motion was made before the end of the term,[1] the time within which the motion must be filed varied greatly depending upon the order in which the cases were tried. This gave some defendants ample time to prepare and file their motions, while denying it to others. When the reform was adopted, however, it hardly could have been intended to introduce a new set of arbitrary and erratic rules which would deny persons convicted of crime of even the means of predicting when motions under the Rule must be lodged with the court. Here the motion was not filed until the 119th day, but if the Rule is to be given an unenlightened, literal meaning, the defendant would be no better off if he had filed on the 60th day if judicial illness, absence, preoccupation and the time required to assemble witnesses and hold evidentiary hearings, or all combined, required more than 60 days.

Thus, in Leyvas v. United States, 9th Cir., 371 F.2d 714, a motion for reduction of sentence under Rule 35 was filed eight days after receipt in the district court of the mandate from the Court of Appeals. Then the stated time limit in Rule 35 was 60 days, and more than 60 days from the date of receipt of the mandate elapsed before the judge, after several continuances, got around to acting upon the motion. The Court of Appeals held that since the motion was filed within time, jurisdiction to act upon it was not lost by the expiration of the 60 day period. After Rule 35 was amended in 1966 to enlarge the time period from 60 days to 120 days, the Court of Appeals for the Ninth Circuit observed that when the motion is filed within the stated period, jurisdiction extends beyond its termination, at least for such reasonable time as may be necessary for the judge to hear and consider new evidence regarding the appropriateness of the sentence. United States v. United States District Court, 9th Cir., 509 F.2d 1352, 1356; United States v. Polizzi, 9th Cir., 500 F.2d 856, 896 n.73. Other courts and commentators have come to a similar conclusion that jurisdiction to act upon a motion filed within the period is not lost upon its expiration. United States v. Janiec, 3rd Cir., 505 F.2d 983; Irizzary v. United States, D.Mass., 58 F.R.D. 65; Fuentes v. United States, D. P.R., 371 F.Supp. 92, 94; United States v. Gee, S.D.Tex., 56 F.R.D. 377; United States v. Ursini, D.Conn., 296 F.Supp. 1152; 2 C. Wright, Federal Practice & Procedure, § 587 at 573; 8A J. Moore, Federal Practice, ¶ 35.02(2) at 35-6; cf. United States v. Hammer, 5th Cir., 496 F.2d 917; United States v. Mehrtens, 5th Cir., 494 F.2d 1172.

■ The time limitation appears to have as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board. We need not speculate, however, that a judge would hold a timely motion for reduction of sentence in abeyance and unacted upon for months or years and then seek to grant it on the basis of the defendant's conduct in prison. Here the district judge acted within days of receipt of the motion, and our holding should be read no broader than that he retains jurisdiction to act upon a timely motion after the expiration of the 120 day period for such reasonable time as, under the circumstances,

---

1. See, United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129 (1914); United States v. Pile, 130 U.S. 280, 283, 9 S.Ct. 523, 32 L.Ed. 904 (1889); Hume v. Bowie, 148 U.S. 245, 254, 13 S.Ct. 582, 37 L.Ed. 438 (1893); Gilmore v. United States, 8th Cir., 131 F.2d 873, 874-75.

is required for its consideration and disposition.

For these reasons we conclude that the district court had not lost jurisdiction to act upon the motion. In light of the judge's statement of the relief he would grant if he had jurisdiction, the mandate will issue forthwith.

Reversed and remanded.

ROBERT P. ANDERSON, Circuit Judge (dissenting in part):

While I agree with the remedial purpose underlying the majority's decision, it is my opinion that this should be brought about by an amendment to Rule 35 of the Federal Rules of Criminal Procedure and not through a ruling by a federal court.

Rule 35 is a specific grant of power to the sentencing court and places a time limit on its exercise; it is jurisdictional in nature, and the time may not be enlarged. See Rule 45(b) which states, in part,

" . . . the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal."