**UNITED STATES of America, Plaintiff,**

v.

**Jake COTTON, Defendant.**

**No. 83–CR–17.**

United States District Court,
E.D. Wisconsin.

Nov. 28, 1983.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for plaintiff.

Linda A. Leaf, David Geraghty, Coffey, Coffey & Geraghty, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

WARREN, District Judge.

The post-sentencing motion now pending in this case presents the troublesome ques-

tion of whether the Court retains jurisdiction under Rule 35(b) of the Federal Rules of Criminal Procedure to reduce a sentence more than 120 days after the sentence has become final. While the Court is inclined to agree with the recent dictum of the Court of Appeals for this Circuit that in cases such as this, the sentencing judge is without jurisdiction to reduce the defendant's sentence, the Court denies the present motion on the broader ground that defendant has adduced no new evidence and offered no new argument to justify a reduction of his sentence at this time.

## BACKGROUND

At the Court's hearing of July 12, 1983, defendant and movant Jake Cotton pled guilty to willfully receiving and disposing of falsely made, forged, altered, and counterfeited money orders in violation of 18 U.S.C. §§ 2315 and 2, as charged in the second count of the indictment against him. Thereafter, the Court granted the Government's motion to dismiss Count One of the indictment and sentenced the defendant to imprisonment for a period of two and one-half years.

On November 4, 1983, one hundred fifteen days after sentencing, the Court received from defendant a letter seeking reconsideration of his sentence pursuant to Fed.R.Crim.P. 35. Specifically, defendant now requests that his sentence be modified to allow him to "work in the community and report for lock-up in the evenings through a half way house." Defendant's Letter of November 2, 1983. In support of his motion, defendant states in his letter and attached affidavit that if released from prison and allowed to return to work, he would begin to make payment on his financial obligations, now totaling approximately $40,000.00.

On November 18, 1983, the Government responded to the present motion, arguing that defendant's financial circumstances alone should not prompt the Court to reduce or modify his sentence in any respect.

*Rule 35(b) and the Jurisdiction of the Sentencing Court*

Rule 35(b) of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. Fed.R.Crim.P. 35(b).

A rule 35(b) motion for reduction of sentence is essentially a plea for leniency and presupposes a valid conviction. *United States v. Sinkfield,* 484 F.Supp. 595, 597 (N.D.Ga.1980); *United States v. Cumbie,* 569 F.2d 273, 274 (5th Cir.1978). It is intended to give every convicted defendant a second round before the sentencing judge and also gives the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented to him in the interim. *United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981); *cf., United States v. Maynard,* 485 F.2d 247, 248 (9th Cir.1973) (rule allows court to decide if original sentence seems unduly harsh). The Court has almost unlimited discretion under rule 35 to reduce a federal sentence upon a timely motion, and its ruling will not be disturbed except for clear abuse of that discretion. *United States v. Warren,* 610 F.2d 680, 683–684 (9th Cir. 1980); *Government of Virgin Islands v. Gereau,* 603 F.2d 438, 443 (3d Cir.1979).

Beyond this substantive judicial gloss on rule 35, it is generally held that the 120-day time limitation is jurisdictional and cannot, under any circumstances, be extended to enlarge the time in which the defendant may move for a reduction of sentence. *United States v. Kemner,* 578 F.2d 1165, 1166 (5th Cir.1978); *United States v. Estela,* 58 F.R.D. 210, 211 (D.P.R. 1972). Indeed, if the motion is untimely filed and the sentence is lawful, the Court

is powerless to act. *United States v. Whitley,* 473 F.Supp. 23, 24 (E.D.Mich.1979); *United States v. Hamilton,* 391 F.Supp. 1090, 1093 (W.D.Mo.1975). For example, had defendant in this case filed his motion just six days later than he did, the 120-day limitation would have summarily stripped this Court of jurisdiction to consider the modification defendant now seeks.

That is not to say, however, that having met the statutorily-prescribed deadline, defendant has an indisputable claim to the Court's jurisdiction: Filing as he did on the eve of the expiration of the 120-day period, defendant afforded the Court little time in which to secure a response from the Government and to consider the merits of the motion. As a result, today's order, issued 139 days after sentencing, comes 19 days after the statutorily-prescribed time period during which the Court has jurisdiction to reduce a sentence pursuant to rule 35(b). *See United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) ("Federal Rule Crim. Proc. 35 now authorizes District Courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal. The time period, however, is jurisdictional and may not be extended" (dictum)).

Despite the clear language of rule 35, some courts have recognized extensions of jurisdiction for reasonable periods of time beyond 120 days in order to consider motions filed within the designated period. In *United States v. Stollings,* 516 F.2d 1287, 1289 (4th Cir.1975), for example, the Court of Appeals for the Fourth Circuit ruled that the district court does not lose jurisdiction to act upon a rule 35 motion at the expiration of the 120-day period when the motion has been filed before the deadline—at least for so long as the sentencing judge reasonably needs time to consider and act upon the motion. Other circuits have followed suit, characterizing the language in rule 35(b) as a limitation on the period for filing a motion but not as a limitation on the Court's jurisdictional authority to decide it. *See United States v. DeMier,* 671 F.2d 1200, 1205–1206 (8th Cir.1982); *United States v. Smith,* 650 F.2d 206, 209 (9th Cir.1981); *Government of Virgin Islands v. Gereau,* 603 F.2d 438, 442 (3d Cir.1979).

However, the Court of Appeals for the Seventh Circuit, following the dictum in *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quoted above), has apparently rejected the holding of *United States v. Stollings,* 516 F.2d 1287 (4th Cir.1975), and its projeny and has, instead, suggested a near-literal interpretation of rule 35(b). In *United States v. Inendino,* 655 F.2d 108, 109–110 (7th Cir. 1981), the court intimiated that the 120-day limitation is indeed a limitation on the sentencing judge's power to act and not just on the defendant's time for filing his motion:

> Rule 35 imposes ... a limit on the time during which the sentencing judge may act to reduce the sentence. This time limit is jurisdictional, ... and it may not be extended at the discretion of the district court.

> One of the purposes of Rule 35 is to permit defendants to present new evidence not available at the time of sentencing, and a defendant may do so in motion to reconsider denial of a Rule 35 motion, but that evidence must be presented within the 120-day limit established in the rule. A defendant can easily avoid a situation such as occurred in this case by filing his Rule 35 motion within the first sixty days after sentencing. *The court would then have adequate time to decide the motion before the expiration of its jurisdiction, and the defendant would probably even have time to file a motion for reconsideration within the 120-day time period* (emphasis added).

Even clearer is the court's recent opinion on *United States v. Kajevic,* 711 F.2d 767 (7th Cir.1983), in which the jurisdictional question was squarely presented. After reviewing the body of authority on the power of the courts to reduce sentences following the expiration of the 120-day period, the court concluded:

... [T]he background and language of Rule 35(b), the Notes of the Advisory Committee, *Addonizio*, and the importance of having clear jurisdictional criteria point to the same conclusion: the district judge loses jurisdiction after 120 days.

... [I]f 120 days is not enough [time in which to hold a hearing, if necessary, and to act on the motion], or if there should be no limit on the time within which the judge can act, as there is none under Rule 35(a), the rule ought to be rewritten by those who have authority to do so; the courts of appeals do not. The argument that a court should rewrite a statute because the legislature lacks the time to do so is of dubious propriety at best; it is particularly questionable when one is dealing with a rule promulgated by the Supreme Court subject to congressional veto. Such a rule can be amended more easily than a statute can.

The placing of some time limitation on the Court and not just on the movant cannot be dismissed as inadvertent.

*United States v. Kajevic*, 711 F.2d 767, 770–771 (7th Cir.1983). Nonetheless, the court decided the appeal on a narrower ground, and declined to establish the literal interpretation of rule 35(b) as the law of the Circuit:

Although as should be evident by now we have serious doubts whether a district judge can ever reduce a sentence under Rule 35(b) after the 120-day time limit has passed, we are reluctant to hold that he cannot. Such a holding would both create a conflict with other circuits and disrupt what has become common practice among the district judges of this circuit. *Id.* at 771.

■ This Court is not so reluctant to apply the *Kajevic* dictum in those instances where motions for reduction of sentence are filed so near the deadline as to preclude both a reasonable opportunity for the Government to respond and meaningful consideration by the Court itself. Accordingly, the Court hereby adopts as its "common practice" the denial on jurisdictional grounds of all future rule 35(b) motions that are:

1) filed in the twilight of the 120-day period;

2) not resolved by the Court prior to the expiration of that period; and

3) not supported by or premised on evidence or a change of circumstances discovered within the last days of the time limitation.

Because the Court announces this rule for prospective application only, it reaches the substantive merits of the present request for a reduction in sentence.[1]

### The Defendant's Rule 35(b) Motion

■ In support of his motion, defendant states that if allowed to engage in gainful employment outside of prison, he would begin repayment of his debts now totaling some $40,000.00—debts which presently cause him considerable anxiety. While the Court is not unsympathetic to defendant's troublesome financial condition and in fact applauds his interest in reducing or eliminating entirely his personal debts, it is not persuaded that this consideration alone justifies the modification of sentence defendant requests. The Court views very seriously the violation of the law to which defendant confessed at the hearing of July 21, 1983, and it was this view that figured prominently in the Court's decision to impose on defendant a two-and-one-half-year term of imprisonment.

At both the time of sentencing and upon a motion for reconsideration of that sentence, the Court is obliged to balance considerations raised by the defendant in favor of leniency against the interests of the citizenry in ensuring that the law is enforced and the security of the community is maintained. Nothing in defendant's present motion suggests to the Court that the balance struck at the time of sentencing should now be upset.

---

**1.** The Court notes, however, that under the three jurisdictional criteria articulated herein, defendant's motion for reduction of sentence would be summarily denied.

Accordingly, defendant's motion pursuant to rule 35(b) of the Federal Rules of Criminal Procedure is hereby DENIED.