**Summit Curtis BREWER, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–30–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

July 24, 1969.

Curtis R. Mann, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding involves a petition for a writ of habeas corpus filed *in forma pauperis* by Summit Curtis Brewer, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving a life sentence following his conviction for murder in the first degree in the Circuit Court of Carroll County on March 14, 1960. No appeal was taken, but petitioner filed several petitions in both the state and federal courts to secure a writ of habeas corpus. All allegations presented in the petition now before this court have previously been presented to the Virginia Supreme Court of Appeals by means of a petition for a writ of habeas corpus filed March 21, 1967, and by means of a petition for a writ of error filed June 5, 1968. The Virginia Supreme Court of Appeals denied and dismissed both petitions. Therefore, petitioner has exhausted his state remedies

in compliance with 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

In the petition now before the court, petitioner sets forth the following three allegations as grounds for habeas corpus relief:

1. Petitioner was convicted upon a coerced confession.
2. Petitioner was convicted without the effective assistance of counsel.
3. Petitioner was convicted upon illegally seized evidence.

After studying the record of the habeas corpus proceeding before the Circuit Court of Carroll County, this court feels that the material facts were adequately disclosed so as to render any further hearing in the matter before this court unnecessary and redundant. The court has adequate evidence upon which to render its decision. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

█ Petitioner in his first allegation says that he was illegally interrogated and that the illegal confession thus obtained was used to convict him. The record shows that petitioner was arrested sometime around 8:30 p. m. and that he was questioned off and on by various officers until about 3:00 a. m. the following morning when he confessed. At first glance, it appears that petitioner was questioned for a rather long time and that a confession was wrung from him. However, there is nothing in the record or in petitioner's testimony to indicate abusive or prejudicial interrogation. Petitioner did plead guilty of his own accord and this court cannot see how his confession prejudiced him in any way. Petitioner's confession which he signed states that he was advised of his rights and that the confession is true and correct to the best of his knowledge. Also, when petitioner was discussing his case with his attorney he said that he made a statement to the police, but he did not complain of any abusive treatment. Petitioner has not to this court's mind carried the burden of proving that any of

his constitutional rights were violated by the police in obtaining this confession.

Petitioner's second allegation that he was convicted without the effective assistance of counsel is also without merit. Petitioner bases this allegation on the fact that his attorney did not demand a preliminary hearing. However, petitioner's attorney testified that the only reason he wanted a preliminary hearing was to discover the Commonwealth's evidence. After the Commonwealth's Attorney made a full disclosure of all the evidence, petitioner's attorney felt that it was unnecessary to hold a preliminary hearing. Petitioner claims that a preliminary hearing should have been held so that the demeanor of the witnesses against him could have been observed. Petitioner's attorney, however, after reading the statements of the witnesses and seeing that they compared exactly with petitioner's account of the crime, felt that a preliminary hearing for this purpose would be a waste of time.

It is a general rule in the Fourth Circuit that unless petitioner can show that his counsel made a farce or a mockery of his trial, he cannot be given habeas corpus relief on the ground of ineffective assistance of counsel. Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965). It is to be noted here that petitioner was represented by an able and highly competent attorney of his own choosing. If petitioner's attorney did err in not demanding a preliminary hearing, this is not grounds for habeas corpus relief because trial tactics themselves or errors of judgment do not constitute ineffective assistance of counsel. Hoffler v. Peyton, 207 Va. 302, 149 S.E.2d 893 (1966).

Petitioner's final allegation is that he was convicted on evidence which was illegally seized. He bases this allegation on the fact that his truck was searched after his arrest without an adequate search warrant. The court finds that the search of petitioner's truck did not violate any of his constitutional rights. The constitutional rights which petitioner claims were violated guarantee only the right to be free from unreasonable search and seizure. A search incident to an arrest is generally reasonable even without a search warrant. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). It is to be noted that the arrest in this case led to the search and not vice versa. This court finds that the search of petitioner's truck which was parked in front of the house in which petitioner was arrested was reasonable in all respects.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon in the case at bar, the court finds that petitioner received a fair and impartial trial and that none of his constitutional rights were denied him.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is, denied.

The clerk of the court is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.