UNITED STATES of America,
Appellee,

v.

Charles HOGAN, Appellant.

UNITED STATES of America,
Appellee,

v.

Michael Devonzal WILLIAMS,
Appellant.

Nos. 73–1350, 73–1503.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1973.

Decided Oct. 16, 1973.

James B. McIntyre, Charleston, W. Va. . (McIntyre & Swisher, Charleston, W. Va., on brief), for Charles Hogan.

John A. Field, III, U. S. Atty., S.D. W.Va., for the United States in No. 73–1350.

Robert M. Harvey, Charleston, W. Va., for Michael Devonzal Williams.

Ray L. Hampton, II, Asst. U. S. Atty. (John A. Field, III, U. S. Atty., S.D. W.Va., on brief), for the United States in No. 73–1503.

Before BUTZNER, RUSSELL, and WIDENER, Circuit Judges.

PER CURIAM:

In each of these cases, charging distribution of heroin in violation of 21 U. S.C. § 841(a)(1) (1970), the government offered proof that the defendant had previously trafficked in the drug. This evidence included not only the details of the earlier transactions, but also expert testimony that the heroin had been identified by laboratory analysis. The heroin seized on previous occasions was exhibited, and witnesses testified that its appearance and packaging resembled the drug involved in the transactions for which the defendants were on trial. The defendants assign error to the admission of this evidence.

In United States v. Samuel, 431 F.2d 610, 612 (4th Cir. 1970), we held that the trial judge did not abuse his discretion in permitting the introduction of evidence of prior drug sales closely related in time and location to prove the motive of the accused and to show that his act was not inadvertent, accidental, unintentional, or without guilty knowledge. While there are factual differences, the principles expressed in *Samuel* govern these cases, and we find no error in the introduction of the evidence about which each defendant complains.

In each case, before the jury indicated any deadlock, the district judge gave a version of the *Allen* charge that had been approved in Orton v. United States, 221 F.2d 632 (4th Cir. 1955). Though we find no reversible error, our affirmance does not indicate a preference for that charge. Since our decision in *Orton*, both the American Bar Association and the Committee on the Operation of the Jury System have reexamined the *Allen* charge and recommended modifications designed to assure its fairness. In United States v. Sawyers, 423 F.2d 1335, 1342 (4th Cir. 1970), and in United States v. Davis, 481 F.2d 425, 428 (4th Cir. 1973), we suggested use of the modified version of the charge, which is set forth in the margin of *Sawyers*, 423 F.2d at 1342 n. 7. We again call this recommendation to the attention of the trial judges in this circuit. With respect to the defendants' complaints about the timing of the charge, we find no error. United States v. Martinez, 446 F.2d 118 (2d Cir. 1971).

Charles Hogan has assigned a number of additional errors. Having considered them, we find no cause for reversal.

Accordingly, the judgments are affirmed.