**Virgil Day LAYNE, Petitioner,**

v.

**J. S. GATHRIGHT, Superintendent, Respondent.**

**Civ. A. No. 73-C-67-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Dec. 28, 1973.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This proceeding involves a *pro se* petition for a writ of habeas corpus filed *in forma pauperis* by Virgil Day Layne, a Virginia state prisoner, pursuant to 28

U.S.C. § 2254. Petitioner is presently detained according to judgments of the Circuit Court of Campbell County, Virginia, of January 9, 1968 and January 16, 1968, wherein he was convicted of five counts of statutory burglary and sentenced to a total of eleven years imprisonment. Petitioner attacks the conviction of January 9, 1968, alleging it is constitutionally invalid because (1) the evidence presented was insufficient to sustain a conviction; (2) he was denied the effective assistance of counsel; (3) illegally obtained confessions were admitted at his trial; and (4) he was arrested without a warrant and without probable cause. Petitioner appealed his conviction to the Virginia Supreme Court and his petition for a writ of error was denied on June 12, 1968. Additionally, he has had a state court habeas corpus proceeding in the Circuit Court of Campbell County, and his petition therein was denied after a plenary hearing. He appealed this denial to the Virginia Supreme Court, which denied relief by an order entered June 27, 1973. Hence, petitioner has exhausted his state court remedies and the allegations of this petition are appropriate for resolution by this court.

Petitioner's complaint regarding the insufficiency of the evidence concerns two boxes of .22 caliber shells that were in his possession when he was arrested and which he contends were not accurately identified as the same .22 caliber shells that were missing from the garage which was burglarized. He argues, although the shells in his possession were the same brand and caliber as those missing, they were not identified by serial numbers or finger prints, and therefore, the evidence was insufficient to establish his guilt.

 In a habeas corpus proceeding, a federal court undertakes only a circumscribed review of the sufficiency of the evidence in the state court proceeding.

There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus.

Grundler v. State of North Carolina, 4 Cir., 283 F.2d 798, 801 (1960). The Court opines that the transcript of petitioner's trial reveals that the evidence was not so slight as to raise a constitutional issue. The owner of the garage which was burglarized testified that although he could not identify the particular boxes of .22 caliber bullets missing, he could state that they were the same brand and caliber. In addition to discovering the bullets in petitioner's possession on the day of the burglary, the police also found a substantial amount of coins and cigars. The garage owner testified that similar items were missing subsequent to the burglary. Furthermore, in two separate confessions to different police officers, petitioner admitted having committed the burglary.

 Petitioner next asserts that his defense attorney provided ineffective assistance of his state court trial. This allegation also relates to the .22 caliber bullets and the attorney's alleged failure to adequately cross-examine the garage owner regarding the identity of the bullets. Denial of the constitutional right to assistance of counsel occurs "only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial," Root v. Cunningham, 344 F.2d 1, 3, (4th Cir. 1965), and errors of judgment or questions regarding the propriety of trial tactics do not constitute ineffective assistance. Brewer v. Peyton, 302 F.Supp. 740 (W.D.Va.1969). Examination of the trial transcript and the state habeas record reveals that this allegation is without merit. Petitioner's lawyer's performance on cross-examination and during the entire trial was appropriate and certainly did not approach the stand-

ard of inadequacy necessary to constitute a constitutional violation.

Petitioner's third claim is that statements made by him to the arresting officers, and admitted as evidence in his trial, were obtained without the officers first advising him of his constitutional rights. Petitioner testified that he was never advised of his constitutional rights by any of the arresting or interrogating officers, and consequently any statements he made are inadmissible.

Officer Tucker, one of the arresting officers, testified that when the petitioner was taken to the police station after arrest he was placed in a back room and advised of his constitutional rights. Petitioner admitted the burglary and then Officer Tucker related this to Officer Moore who continued the investigation. Officer Moore testified that he also advised the petitioner of his rights and then asked him if he desired to tell him what had occurred. Petitioner then related the incidents of the crime and admitted his guilt. Officer Moore made a written record of petitioner's statement, which was read to petitioner and which he signed.

■■ Obviously, there was a conflict in the evidence pertaining to whether petitioner was advised of his constitutional rights prior to being questioned by the investigating officers. The trier of fact, the state court judge, witnessed the testimony and therefore could consider the credibility of the witnesses. He accepted the police officer's statements, stating he believed they were telling the truth and that petitioner was not. It is not the function of this court, when petitioned for a writ of habeas corpus, to undertake a review of disputed factual questions already resolved in the state courts. *See* Reed v. Turner, 444 F.2d 206 (10th Cir. 1971); Klamert v. Cupp, 437 F.2d 1153 (9th Cir. 1970); Application of Landeros, 154 F.Supp. 183 (D. N.J.1957).

■ Petitioner's final allegation is that he was illegally arrested without a warrant or probable cause. The arresting officers testified that they were notified of the burglary and the items missing on the morning of the day petitioner was arrested. Another witness testified that on that same morning he reported to the police that a man was sleeping in the woods. The police had previously received information that a man was staying in the woods and believed this individual to be the petitioner. When they found petitioner in the woods he had in his possession a gun,[1] three boxes of .22 caliber ammunition, a substantial amount of coins and several cigars. Thereupon, petitioner was placed in custody.

The court opines that the facts and circumstances known to the arresting officers at the time they found the petitioner and placed him in custody constituted probable cause to believe that petitioner had burglarized the Altavista garage. *See* Mapson v. Cox, 313 F.Supp. 465 (W.D.Va.1970); Richards v. Cox, 303 F.Supp. 946 (W.D.Va.1969); Houston v. Peyton, 297 F.Supp. 717 (W.D. Va.1969).

For the aforementioned reasons the petition is dismissed and the writ denied, and it is so ordered.

---

1. Indictment Number One charged petitioner with statutory burglary of an Altavista shoe shop from which two pistols were allegedly stolen. The state trial court found petitioner not guilty of this offense.