**UNITED STATES of America,
Appellee,**

v.

**Ersel STOLLINGS, Appellant.**

**No. 72-1745.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1974.

Decided Aug. 14, 1974.

Lafe C. Chafin, Huntington, W. Va. (Barrett & Chafin, Huntington, W. Va., on brief), for appellant.

Wayne A. Rich, Jr., Asst. U. S. Atty. (John A. Field, III, U. S. Atty., on brief), for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

Ersel Stollings was convicted of perjury in violation of 18 U.S.C. § 1623, while

testifying before the grand jury which returned the indictment resulting in the convictions reviewed and affirmed in United States v. Anderson, 481 F.2d 685 (4 Cir. 1973), aff'd, 414 U.S. 1091, 94 S.Ct. 720, 38 L.Ed.2d 548 (1974). Stollings was convicted March 10, 1972, and his conviction became appealable when he was sentenced May 1, 1972, to a term of three years.

In this appeal, Stollings advances the contentions that his false declarations made before the grand jury were not material to matters being investigated by the grand jury, and that the form and circumstances in which the district court gave the jury the "Allen" charge constituted reversible error. We are persuaded by neither and so we affirm.

## I.

 Stollings' theory of lack of materiality of his false declarations is that the federal grand jury had no authority to investigate fraud in the contested primary election of a state official, it appearing from the facts set forth in our opinion in Anderson that the primary election of federal officials was not contested and the result was certain. Stated otherwise, Stollings argues that 18 U.S.C § 241, which makes it a crime for two or more persons to conspire to injure any citizen in the free exercise or enjoyment of his *federal* constitutional rights, is inapplicable to a

state primary election for state officials, that a federal grand jury is without authority to investigate fraud practiced in such an election, and that, therefore, sworn testimony relating thereto given before the federal grand jury is not material as a matter of law. We held otherwise in *Anderson*, 481 F.2d at 698–701. It is true that the Supreme Court in affirming did not find it necessary to pass upon this point, but we think that the issue is inescapably presented here, and we find nothing in what the Supreme Court said to cause us to depart from the views we have previously expressed.

## II.

Stollings' trial extended over a period of five days. After the jury deliberated for approximately two and one-half hours, the district judge, *sua sponti*, had the jurors returned to the courtroom to inquire whether a verdict had been reached. When told that it had not, he remarked that "[i]t has taken a lot of time to try this case and a hung jury will result in a mistrial and a new trial"; then he asked the jury to return to the jury room and consider further its verdict. About an hour later, the district judge again sent for the jury and inquired as to whether the jury was "hung." When the foreman replied affirmatively, the district judge gave the "Allen" charge in the form set forth in the margin.[1] The jury retired again

---

1. THE COURT: I want to read you another instruction. All of you listen carefully, please.

I want you to know that in a large proportion of cases absolute *certainty* cannot be expected, and although the verdict must be the verdict of each individual juror and not just a meek acquiescence in the conclusions of his fellow jurors, yet each of you should examine the question submitted with candor and with proper regard and deference to the opinions of each other.

It is the duty of jurors to decide cases if they can conscientiously do so. You should listen with a disposition to be convinced of each other's arguments. If much the larger number are for conviction, a dissenting juror should consider whether his doubt is a rea-

sonable one which made no impression upon the minds of many equally honest and equally intelligent with himself.

On the other hand, if the majority is for acquittal, the *minority should ask themselves* whether they might not reasonably doubt the correctness of a judgment which is not concurred in ‚by the majority, and as I said before, while undoubtedly the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury room.

The very object of the jury system is to secure unanimity by a comparison of views and by arguments among the jurors themselves. A juror should listen with deference to the arguments and with a distrust of his

and about one-half hour later returned a verdict finding defendant guilty.

Stollings claims reversible error in two respects. First, he says that, although the charge was in the form we approved in Orton v. United States, 221 F.2d 632 (4 Cir. 1955), our subsequent rulings in United States v. Sawyers, 423 F.2d 1335 (4 Cir. 1970); United States v. Davis, 481 F.2d 425 (4 Cir. 1973), and United States v. Hogan, 486 F.2d 222 (4 Cir. 1973), have indicated disapproval of the charge in the form given and a strong recommendation that, if the charge is given at all, it be given in the modified form recommended by the American Bar Association and the Committee on the Operation of the Jury System of the Judicial Conference of the United States.[2] Second, Stollings contends that the charge was prejudicially coercive under all the circumstances, i. e., the fact that the district judge initiated the inquiries to the jury about the course of its deliberations, the district judge initiated the suggestions that the jury was deadlocked, the inquiries were made only after short deliberations following a five-day trial, and the charge was not in the recommended form.

■■ It is true that we have repeatedly disapproved the charge employed in *Orton* and have recommended the form of the charge stated in *Sawyers*. It is significant, however, that we did not reverse the convictions obtained in *Sawyers*, *Davis*, or *Hogan* for use of the *Orton* charge. We think that we should not do so here. This case was tried in early March, 1972. It was long delayed reaching us on appeal for reasons having to do with the preparation of the trial transcript. When the case was tried, *Sawyers* had been decided, but *Davis* and *Hogan* had not. In no sense to dilute our admonition to the district judges of this circuit that, if the Allen charge is used, it should be used in a form no stronger or less balanced than the form prescribed in *Sawyers*, we do not think that reversal is indicated here under the chronology we have set forth. We caution, however, that, in cases tried after the opinions in *Davis* and *Hogan* were announced and circulated, we shall feel free to treat the giving of the Allen charge, in a form other than that we have repeatedly suggested, as reversible error if we deem it appropriate so to do.

■ With regard to the circumstances under which the charge was given in the instant case, we are inclined to agree that as an abstract question, the district judge exhibited undue haste in his inquiries suggesting that the jury could not agree and in giving the charge. He might well have waited longer. On the other hand, the factual issues to be decided by the jury were relatively simple; the jury deliberated a not insignificant period even after the charge was given; and the nature of the crime, perjury in connection with a fraudulent election allegedly committed by a politically active deputy sheriff, was such as to raise the ugly spectre of possible improper influence on the jury if the opportunity were afforded. Viewing them in totality, we cannot say that the district judge exceeded his discretion in the circumstances under which the charge was given.

Affirmed.

own judgment if he finds a large majority of the jury taking a different view of the case from what he does himself.

Every juror should not go to the jury room with a blind determination that the verdict shall represent his opinion of the case at that moment or that he should close his ears to the argument of men who are equally honest and intelligent with himself. Will you go back and try again, please?

2. The recommended form is set forth in the margin of Sawyers, 423 F.2d at 1342, n. 7.