**Louis Ellis FLOYD, Petitioner,**

v.

**SUPERINTENDENT, VIRGINIA STATE PENITENTIARY, Respondent.**

Civ. A. No. 74–C–4–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Oct. 21, 1974.

---

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

Phillip C. Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for petitioner.

## OPINION AND JUDGMENT

DALTON, District Judge.

Louis Ellis Floyd, petitioner, has filed for a writ of habeas corpus challenging his detention pursuant to a judgment entered April 5, 1972 by the Page County Circuit Court. He was convicted in that court of unlawful wounding and sentenced to a term of five years in the Virginia State Penitentiary. He appealed his conviction to the Virginia Supreme Court, which by order dated October 6, 1972 refused his writ of error. Petitioner then filed for a writ of habeas corpus in the Page County Circuit Court, which by order dated July 27, 1973 denied and dismissed his petition without a hearing. This order was appealed to the Virginia Supreme Court which refused his writ by order dated August 27, 1973.

Petitioner now attacks his detention on the following grounds:

(1) Denial of court-appointed counsel to assist him in the preparation and prosecution of his petition for a writ of habeas corpus in the state court and of his appeal from the denial of his petition to the Virginia Supreme Court.

(2) Denial of "effective assistance of counsel, both at trial and on appeal, in that appointed counsel repeatedly, but unsuccessfully sought to withdraw from the case, that minimal efforts to locate a key witness were not made, that the key witness was not even interviewed by counsel, that effective representation of this client was not made as evidenced by inadequate advocacy, and that the counsel displayed prejudice against or disinterest in his client by repeatedly referring to him as 'this person.'"

(3) Denial of a fair trial by the absence of a non-party eyewitness.

(4) Denial of fair trial by improperly admitted evidence, including expert testimony regarding ballistics elicited from laymen.

(5) Denial of fair trial in that the transcript of trial failed to record parts of the trial due to a malfunction in the transcribing equipment. Petitioner contends that this incomplete transcript denied him his right to appeal.

(6) Denial of fair trial because of the judge's instruction to the jury urging them to agree upon a verdict.

Jurisdiction vests in this court pursuant to 28 U.S.C. § 2254(a).

Petitioner has previously raised allegations (2) through (6) in his state habeas corpus petition and has therefore exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The propriety of considering petitioner's first allegation is discussed below.

### I

■ Petitioner's first allegation is that he was denied the assistance of counsel in the preparation and prosecution of his petition for a writ of habeas corpus filed in the state circuit court and on appeal to the Virginia Supreme Court. Petitioner has never presented this question to the state courts. Yet, because this contention does not attack petitioner's custody, there is a serious question whether this type of claim is

cognizable in a writ for habeas corpus. However, this court need not resolve these questions as it is well settled that because the proceeding is a civil one a person has no constitutional right to court-appointed counsel in a habeas corpus proceeding, either in the trial court or in an appellate court. Anderson v. Heinze, 258 F.2d 479 (9th Cir. 1958). This court wishes to note, however, that after petitioner had filed his petition in this court, this court appointed counsel to assist him in the prosecution of his writ.

## II

■■ Petitioner next asserts that he was denied effective assistance of counsel at his state court trial. Denial of the constitutional right to assistance of counsel occurs "only in those extreme circumstances where the representation is so transparently inadequate as to make a farce of the trial." Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965). This court has examined the trial transcript and is satisfied that the performance of petitioner's counsel at trial was that of a reasonably competent attorney and was not so inadequate as to constitute a constitutional violation. Petitioner's counsel moved for the reduction of bail, conducted extensive cross-examination of the Commonwealth's witnesses, examined petitioner on the witness stand, called for other defense witnesses, and presented five instructions, all of which were granted by the trial judge. Petitioner emphasizes the fact that an eye-witness was not called to testify by defense counsel. The record indicates, however, that this witness had given a sworn statement prior to trial very damaging to petitioner. (Tr. 147–148) De-

fense counsel therefore justifiably concluded after discussion with petitioner that petitioner's best interests would be served by not calling this witness.[1] In any event, judgment of counsel and questions regarding the propriety of trial tactics do not constitute ineffective counsel. Brewer v. Peyton, 302 F.Supp. 740 (W.D.Va.1969).

## III

■ In addition to defense counsel's failure to call an eyewitness, petitioner alleges that he was denied a fair trial due to improperly admitted evidence. In response to this contention, this court quotes the language of Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960):

Even if we were to disagree [with the state court's resolution of the issues raised], we could not intervene by habeas corpus, when the alleged errors are of a character that cannot reasonably be said to involve a deprivation of constitutional rights. Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal.

*Accord*, Kearney v. Peyton, 360 F.2d 589 (4th Cir. 1966); Faust v. North Carolina, 307 F.2d 869 (4th Cir. 1962); Clark v. Peyton, 280 F.Supp. 205 (W.D.Va. 1968). Examination of the record clear-

---

1. The record contains a stipulation in which petitioner's trial counsel with consent of petitioner agreed to withdraw his motion for a continuance due to the absence of a witness. Counsel entered into this stipulation after he reviewed the damaging written statement by the witness. Record, Vol. I, p. 39. Counsel for the petitioner in this habeas corpus proceeding has conducted an independent investigation of the facts surrounding this stipulation and has concluded that "there seems to be no question that the stipulation concerning the unavailable witness adequately reflects the facts in that defense counsel, with the approval of his client, declined a continuance in light of the testimony they anticipated the witness might give if consistent with a prior statement made under oath to the Commonwealth's attorney." See Appendix A.

ly indicates that petitioner's trial did not impugn fundamental fairness.

## IV

■ Petitioner's fifth allegation concerns the incompleteness of the trial transcript due to the malfunctioning of the recording device used at trial. Part of the testimony of the victim, Hubert Jefferies Burrell, on direct examination (Tr. 16) and the Allen-type charge to the jury was not recorded. Defense and Commonwealth counsel stipulated however to the content of the judge's instruction.[2] This court after reading the transcript and the record as a whole concludes that the record was of sufficient completeness for adequate consideration of the errors assigned by petitioner on his appeal and that no constitutional violation therefore occurred. Cf. Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

## V

■ Petitioner's final allegation attacks the trial judge's charge to the jury concerning their inability to reach a verdict.[3] The charge closely approximated that recommended by the American Bar Association and the Committee on the Operation of the Jury System of the Judicial Conference of the United States,[4] which the Fourth Circuit has approved. See United States v. Stollings, 501 F.2d 954 (4th Cir. 1974); United States v. Hogan, 486 F.2d 222 (4th Cir. 1973); United States v. Davis, 481 F.2d 425 (4th Cir. 1973); United States v. Sawyers, 423 F.2d 1335 (4th Cir. 1970). In any event, the instruction of the trial court was not so prejudicial as to constitute a constitutional violation. Grundler, supra.

For the above reasons, the petition for a writ of habeas corpus is denied and dismissed.

## APPENDIX A

Honorable Ted Dalton
District Judge
United States District Court
Federal Post Office Building
Roanoke, Virginia 24002

> Re: Louis Ellis Floyd v. Superintendent of the Virginia State Penitentiary
> Civil Action No. 74–4 (Harrisonburg)
> Our File Number 14720

Dear Judge Dalton:

This will confirm my recent conversation with Tony Trenga in which I advised him that I have had an opportunity to interview the defense counsel, Mr. Dovel as well as Mr. Bushey who was the Commonwealth's attorney in the trial of

---

2. Counsel for the petitioner in this court has also confirmed the accuracy of this stipulation. See Appendix A.

3. The trial judge gave the following charge:

   Since you have already devoted approximately two hours time in deliberation, without arriving at a verdict, when supper recess was taken, before again retiring to the jury room, it is deemed appropriate to urge that you give candid consideration to the views of your fellow jurors with whom you are in disagreement.

   You are all men of intelligence and integrity, each generally desirous, I'm sure, of seeing justice fairly administered.

   The inability of a jury to come to a unanimous agreement, while not desirable, constitutes no reflection, for such abortive result is to be experienced from time to time. However, to be sure all fair effort has been exhausted to reach a unanimous verdict, it is suggested that each of you ask yourself whether the judgment reached by you is as reasonable and well founded as that of your fellow juror or jurors with whom you may differ, that you may be fairly persuaded to his view or that he may become persuaded to yours; however, you are reminded that no juror should surrender his firm judgment or conscientious opinion merely for the purpose of coming to a unanimous accord.

   If your mind is left in such a state of doubt as to prevent you from reaching a convinced belief of the guilt of the accused, you should acquit; but if you have an abiding conviction of the truth of the charge, you will convict.

   You may again retire to resume your deliberations.

4. The recommended form is set forth in the margin of United States v. Sawyers, 423 F. 2d at 1342, n. 7.

this Petitioner's case. Both attorneys corroborate the record as to the stipulation concerning the unavailability of the witness in question and the charge given to the jury by Judge Haas. There seems to be no question that the stipulation concerning the unavailable witness adequately reflects the facts in that defense counsel, with the approval of his client, declined a continuance in light of the testimony they anticipated the witness might give if consistent with a prior statement made under oath to the Commonwealth's attorney.

I had a lengthy interview with the Petitioner at Woodbridge and have reviewed the record in its entirety. I am not in a position to represent to the Court that there are any facts not available to the Court in the record and I submit the Petition on that basis.

Very truly yours,

/s/ Phillip C. Stone