Homer L. HICKS, III, Petitioner,

v.

COMMONWEALTH OF VIRGINIA et al., Respondents.

Civ. A. No. 75–0016.

United States District Court, W. D. Virginia, Lynchburg Division.

May 22, 1975.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Homer L. Hicks, III, an inmate in the Virginia corrections system, has brought this action challenging his conviction on March 25, 1975 in the Circuit Court of Campbell County for possession of a controlled substance. He was sentenced to a term of one year in the Virginia State Penitentiary. At the time of his conviction, he was already incarcerated in the state penitentiary on another conviction. This court has treated this complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner attacks his conviction on three grounds:

1) The law under which petitioner was convicted is unconstitutional because it prescribes a greater punishment for the possession of a controlled substance by one who is imprisoned in the Virginia penal system than by one not imprisoned.

2) The trial judge made certain prejudicial comments to the jury at petitioner's trial.

3) The trial court refused to appoint counsel to represent petitioner on appeal.

### I

Petitioner was convicted of violating section 53–291(6), Code of Virginia (1974), as amended, which provides:

"It shall be unlawful for an inmate in a penal institution . . . to . . . :

(6) Procure, sell, secrete or have have in his possession any drug or chemical compound which he has not lawfully received."

■ Petitioner complains that the violation of this statute is a felony, whereas for persons not imprisoned, identical conduct (in this case, possession of marijuana) would be only a misdemeanor. This he claims, is a violation of due process and equal protection. This court finds nothing violative of the constitution in this statute. That identical conduct by non-prisoners may result in a lesser penalty does not by itself offend the equal protection clause. Because the classification between prisoners and non-prisoners is not an invidious or suspect one, such as one based on race or religion, or does not regulate a fundamental interest, such as free speech or voting, this classification need only be rationally related to a legitimate state purpose. *See, e. g., San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). This court finds this statute rationally related to the legitimate state purpose of maintaining orderly penal institutions, free of prohibited substances. This court accordingly dismisses this ground for relief.

### II

■ The petitioner next claims that the trial judge violated his rights by urging the jury to resume deliberations. This statement did not violate the petitioner's right to a fair trial and must be dismissed. *Grundler v. North Carolina,* 283 F.2d 798 (4th Cir. 1960); *see also United States v. Hogan,* 486 F.2d 222 (4th Cir. 1973).

### III

Petitioner's final claim is that he was not appointed counsel on appeal. This claim is clearly frivolous. The record contains an order appointing petitioner an attorney to prosecute his appeal which is now pending in the Virginia Supreme Court.

For the above reasons, this case is dismissed. Petitioner is advised that he may appeal this decision to the United States Court of Appeals for the Fourth Circuit by filing with this district court a notice of appeal within thirty (30) days of this judgment.