**UNITED STATES of America, Appellee,**

v.

**George V. TALIAFERRO, Appellant.**

**No. 76–1452.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1977.

Decided July 26, 1977.

Ivy P. Blue, Jr., Hanover, Va., for appellant.

N. George Metcalf, Asst. U. S. Atty., Richmond, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before BUTZNER and MOORE,* Circuit Judges, and HARVEY,** District Judge.

PER CURIAM:

George V. Taliaferro ("Taliaferro") was convicted after a jury trial in the United States District Court for the Eastern District of Virginia, of conspiracy to commit bank robbery, 18 U.S.C. § 371, armed bank robbery, 18 U.S.C. § 2113(a) and (d), and the use of a firearm during the commission of a felony, 18 U.S.C. § 924(c), all in connection with an armed bank robbery which had taken place on November 12, 1975 in Beaver

* Leonard P. Moore, United States Circuit Judge for the Second Circuit, sitting by designation.

** Alexander Harvey, II, United States District Judge for the District of Maryland, sitting by designation.

Dam, Virginia. Four others were indicted for their participation in this bank robbery. Although they all initially pleaded not guilty, three of them subsequently entered guilty pleas as to one count and testified for the Government at Taliaferro's trial.

Taliaferro argues on appeal that he was denied a fair trial for a variety of reasons. We find each of his arguments to be without merit, and we affirm his conviction.

■ Taliaferro's first argument is that he was prejudiced by the invalid continuance of his trial from January 16, 1976 until January 30, 1976 because it was during those two weeks that three of his co-defendants were "persuaded" to plead guilty to one count and to testify at his trial. All five defendants had pleaded not guilty on December 29, 1975, but there is no indication as to when three of them changed their minds. Moreover, even if Taliaferro's three co-defendants did plead guilty and decide to testify during the two-week delay, this would have no effect on the validity of the district court's granting of the continuance. The trial judge did grant the two-week continuance in order to allow the United States Attorney's office to attend an academic conference, but there is nothing in the record to indicate that the adjournment was for the purpose, or in any way causative, of influencing the three co-defendants to plead guilty and to testify. Thus, it would appear that the Judge had a reasonable ground for granting the continuance and did not abuse his discretion.

We have carefully considered Taliaferro's arguments as to the improper admission of certain evidence but find them to be wholly frivolous and not meriting discussion. The testimony he objects to was neither hearsay nor inadmissible opinion. The photographs which were admitted were sufficiently identified.

Taliaferro's remaining arguments relate to the jury deliberations. Before discussing the arguments, it is necessary to set out some further facts. After deliberating for two or three hours, the jury reported a split. The Judge then gave the modified *Allen* charge recommended by the American Bar Association Project on Minimum Standards for Criminal Justice. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Before sending the jurors back for further deliberations, the Judge reread one paragraph of the modified *Allen* charge, instructing the minority to consider the views of the majority, and visa versa. When the jury reported several hours later that it was still deadlocked, the Judge reread the entire charge to them. He then sent the jurors to dinner at a private club and instructed them that they could continue deliberating during dinner if they wished, but only when no one else was in the room. The Judge gave the jurors permission to have alcoholic beverages with their meal. Fifteen minutes after returning from dinner, the jury reported its guilty verdict.

■ This Circuit has approved the modified *Allen* charge which the Judge gave in this case. *United States v. Sawyers,* 423 F.2d .1335, 1342 n. 7 (4th Cir. 1970); *United States v. Stollings,* 501 F.2d 954 (4th Cir. 1974). The jury came to the Judge of its own accord and reported that it was deadlocked. It was only then that the Judge gave the modified *Allen* charge. The mere fact that the Judge repeated a portion of this charge was not so coercive as to impair the integrity of the verdict. Although the Judge's facial expressions and the tone of his voice do not appear on the record, the portion of the charge which he reread was balanced and was not coercive on its face. Moreover, the Judge later repeated the entire charge. Thus we do not accept Taliaferro's argument that the circumstances of the giving of the *Allen* charge in this case require a reversal.

Taliaferro argues further that the jury verdict must be set aside because the jury was permitted to deliberate over dinner, in a place outside the Court's control. It appears from the records of the club where the jurors ate dinner, submitted by Taliaferro at the hearing on his motion for a new trial, that the group of twelve jurors ordered ten cocktails and two soft drinks. The Marshal who accompanied the jurors to

the club testified that only one round of drinks was ordered. The most obvious inference from these two facts is that ten of the twelve jurors had one cocktail apiece and the remaining two jurors had soft drinks.

 Although we look with disfavor on the practice of allowing jurors to have alcoholic beverages during their deliberations, the mere fact that they were so allowed in this case does not require a new trial. The defendant must show that he was prejudiced—*i. e.*, that a juror became intoxicated so that he or she was affected in the performance of his or her duties. *Faith v. Neely,* 41 F.R.D. 361, 366 (N.D.W.Va.1966); *Kealoha v. Tanaka,* 45 Haw. 457, 370 P.2d 468 (1962); *People v. Crooker,* 47 Cal.2d 348, 303 P.2d 753 (1956), *aff'd,* 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958). Taliaferro has made no showing of prejudice, and the District Judge found that none existed, following an evidentiary hearing held in connection with Taliaferro's motion for a new trial. The fact that ten jurors each had one drink is not in itself a sufficient showing of prejudice. Moreover, the Marshal testified that when he accompanied the jurors back to the Courthouse after their dinner, none of them appeared intoxicated.

Taliaferro has similarly shown no prejudice from the fact that the jurors were allowed to deliberate over dinner, outside of the Court's control. Again, we do not favor such a practice. In this case, before sending the jurors to dinner, the Judge carefully instructed them that they could only deliberate when they were alone—not when any waiters were in the room. We conclude that Taliaferro has made no showing of jury misconduct mandating a new trial.

The conviction is AFFIRMED.