UNITED STATES of America, Appellee,

v.

John G. MITCHELL, a/k/a Jack Mitchell, Appellant.

UNITED STATES of America, Appellee,

v.

Harry MORGAN, Appellant.

Nos. 81–5283, 81–5284.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1983.

Decided Nov. 1, 1983.

Thomas H. Williams, Jr., Nashville, Tenn., for appellant Harry Morgan.

Lionel R. Barrett, Jr., Nashville, Tenn., on brief, for appellant John G. Mitchell.

Cameron B. Littlejohn, Jr., Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., Frances Lee Cain, third year law student on brief), for appellee.

Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This is an appeal from convictions of the defendants/appellants of mail fraud (§§ 1341 and 2, 18 U.S.C.) and conspiracy (§ 371, 18 U.S.C.). The grounds of appeal are insufficiency of evidence, prejudicial supplementary instructions to the jury after the jury had been deliberating for seven hours and inconsistency of verdict. The charge against the defendants involved the use of the mails in the marketing of time-shares in a proposed time-share condominium development in Myrtle Beach, South Carolina. It was the Government's position that the defendants had successfully solicited payments from various purchasers of such time-shares without establishing the

required reserve accounts to assure the completion of the project, knowing at the time that the project could not be completed. The evidence in support of the charges, though tenuous was substantial enough, under the very liberal standard for determining the sufficiency of the evidence in this connection, to authorize the submission of the prosecution to the jury. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Further, inconsistency of the verdict is not ordinarily a ground for reversal. *Hamling v. U.S.,* 418 U.S. 87, 101, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590 (1975); *U.S. v. Grow,* 394 F.2d 182, 208 (4th Cir.1968), *cert. denied,* 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111. We, however, are of the opinion that there was prejudicial error in the supplemental instructions to the jury as given by the District Judge, and accordingly reverse the convictions and remand the cause.

■ The defendants argue that the supplemental instructions, given by the District Judge to the jury, following seven hours of deliberation, went beyond permissible limits and represented "an unwarranted intrusion by the court upon the province of the jury." While the Supreme Court in *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) established the right of a federal trial judge to give additional instructions to a jury, after that jury had deliberated for a reasonable time, in an effort to assist the jury in reaching a unanimous verdict, the practice, and particularly the phrasing of the *Allen* instructions have been the subject of considerable criticism since.[1] It would unnecessarily add to this opinion to review these criticisms. Sufficeth that these criticisms have prompted a number of courts to reject entirely the "*Allen* charge" as im-

properly coercive[2] and to have influenced the drafters of the ABA Standards from Criminal Justice to recommend categorically that "the *Allen* charge . . . should not be used."[3] It is true that we have never found the use of "the *Allen* charge" itself, when confined strictly to the language of *Allen,* and not enlarged or expanded upon to be reversible *per se,*[4] but in *United States v. Rogers,* 289 F.2d 433, 435 (4th Cir.1961) we cautioned that the instructions in *Allen* "approach[ed the] ultimate permissible limits . . . to which the court should go in suggesting to jurors the desirability of agreement and avoidance of the necessity of a retrial before another jury." We "confess[ed] [in *United States v. Sawyers,* 423 F.2d 1335, 1342–43 (4th Cir.1970) which in many respects is our leading case on this point] that we would like the Allen type charge given here better if it did not mirror so exactly the language of the original Allen charge," and we "strongly recommend[ed] use of a modern version of *Allen* that include[d] that part of the recommendation of the Judicial Conference italicized in footnote 7," which was "better balanced and fairer." In *United States v. Davis,* 481 F.2d 425, 429 (4th Cir.1973), *cert. denied* 414 U.S. 977, 94 S.Ct. 296, 38 L.Ed.2d 220; and in *United States v. Hogan,* 486 F.2d 222, 223 (4th Cir.), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974), we "reiterate[d] our recommendation made in *Sawyers,* that trial judges in this circuit consider use of the American Bar Association version of the Allen charge." Later in *United States v. Stollings,* 501 F.2d 954, 956 (4th Cir.1974), we went further and gave an "admonition to" the district judges of this circuit that, if the Allen charge is used, it should be used in a form no stronger or less balanced than the form prescribed in *Sawyers,* emphasizing the admonition with the warning "that,

1. A comprehensive statement of the reasons for rejecting the instruction is found in Note, *Due Process, Judicial Economy and the Hung Jury: A Re-examination of the Allen Charge,* 53 Va.L.Rev. 123 (1967), which is extensively quoted approvingly in the ABA Standards.

2. The relevant federal cases found on this subject are collected in the Annotation, 44 A.L.R. Fed. 468.

3. *See American Bar Association: Standards for Criminal Justice,* 15–4.4(b) at p. 143.

4. *United States v. Smith,* 303 F.2d 341, 342–43 (4th Cir.1962).

in cases tried after the opinions in *Davis* and *Hogan* were announced and circulated, we shall feel free to treat the giving of the Allen charge, in a form other than that we have repeatedly suggested, as reversible error if we deem it appropriate to do so." 501 F.2d at 956.

It is obvious that the instructions given in this case expanded impermissibly upon *Allen.* The language in the instructions that the jurors should "open up [their mind] and reevaluate [their] opinions ... reconsider the opinions and statements of your fellow jurors, and do it open-mindedly, not *stubbornly,* but open-mindedly *in the spirit of cooperation* ...", (Italics added) is a wording that goes beyond *Allen* and is a wording, particularly in its use of the term "stubbornly" very similar to that which was found in *Powell v. United States,* 297 F.2d 318 (5th Cir.1962) to go "beyond the permissible limits to which a court may go in its endeavor to influence the jury toward the rendition of a verdict." *Id.,* at 322. More objectionable was the district judge's reference in his instructions to the possibility of the defendants, in the event of a mistrial, thereafter pleading guilty was unlikely and that, if they did not agree, another trial would be required. The defendants argue that this language could be fairly considered an intimation by the Court that it was of the opinion the defendants were guilty. The Government, while not admitting expressly that this is the natural inference of the District Judge's statement, does concede in its brief that this language on its "face ... appears ... to suggest that one or more of the Defendants might change their plea to guilty." [5] Whether we accept the construction of the District Court's language as urged by the defendants or that as suggested by the Government, this language was objectionable as an intimation that the District Judge thought the defendants guilty. It would not have been an allowable part of the District Court's original jury instruction and, considering both

the weakness of the Government's case and the fact that the language was used at the time and in the context in which it was placed, its prejudice was plain. We, therefore, have no hesitancy in finding that these instructions went beyond "permissible limits" and require a new trial.

Accordingly, the convictions herein are reversed and the cause is remanded to the District Court for retrial, if the Government determines to retry the defendants.

---

5.  In its brief, the Government, after quoting the challenged language said:

"On the face of the statement, it appears that the Trial Court is attempting to suggest that one or more of the Defendants might change their plea of guilty."