**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4279**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HUGO SANTAMARIA,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:08-cr-00270-JTC-1)

───────────

Submitted: February 17, 2011     Decided: March 18, 2011

───────────

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Gary Collias, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a trial, Hugo Santamaria was convicted of conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006) (Count One), and two counts of intimidation or force against a witness, in violation of 18 U.S.C.A. § 1512(b) (West 2000 & Supp. 2010) (Counts Two and Three). On appeal, he argues the following: (1) the district court erred instructing the jury to return to deliberations twice and giving an Allen charge despite the jury's claim that it was "hung"; (2) the evidence was not sufficient to support either Counts Two or Three; (3) the district court erred instructing the jury on "attempt"; and (4) the district court abused its discretion admitting evidence of an assault. Finding no reversible error, we affirm.

This court reviews a district court's decision to give an Allen charge and its content for abuse of discretion.[*] United States v. Hylton, 349 F.3d 781, 788 (4th Cir. 2003). "[T]he principal concern that we have had with Allen charges is to ensure that they apply pressure to the jury in a way that preserves all jurors' independent judgments and that they do so in a balanced manner." Id. Giving the jury a second Allen charge is not per se error. United States v. Robinson, 560 F.2d

---

[*] Allen v. United States, 164 U.S. 492 (1896).

2

507, 517 (2d Cir. 1977); see also United States v. Taliaferro, 558 F.2d 724, 725 (4th Cir. 1977).  The district court "is in the best position to determine whether there exists a reasonable possibility that an impartial verdict can be reached."  United States v. Gordy, 526 F.2d 631, 636 (5th Cir. 1976).  After reviewing the transcript, we conclude the district court did not abuse its discretion.

This court reviews a district court's denial of a Fed. R. Crim. P. 29 motion de novo.  United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).  "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden."  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted).  A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks omitted).  The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir.

3

2008).  In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

Santamaria was convicted of two counts of intimidating a witness.  Count Two charged Santamaria with intimidating a person using threats with the intent to prevent a person from giving information to law enforcement.  Count Three charged Santamaria with using threats to prevent a person from testifying in an official proceeding.  In this instance, the evidence clearly established that Santamaria, through his threatening and intimidating conduct, intended that a person not talk to authorities or testify.  We conclude substantial evidence supports the jury's verdict, including the question of whether the Government properly proved the location of the crime charged in Count Three.

Santamaria claims the district court erred by not giving the jury his proposed instruction on "attempt."  He further contends that the court's instruction on "attempt" was an incorrect statement of the law.  "The decision to give or not to give a jury instruction is reviewed for an abuse of

4

discretion." United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc). "'[This court] review[s] a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law.'" Id. A court's refusal to give a requested instruction is reversible error if the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks omitted).

In instances when the Appellant claims the jury instruction was erroneous, this court reviews de novo. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). If error is found, reversal only warranted when "the error is prejudicial based on a review of the record as a whole." United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997).

Insofar as Santamaria urged the district court to give the jury his instruction on attempt, we find no reversible error because Santamaria's ability to conduct his defense was not seriously impaired. We also conclude that even if the jury instruction given by the district court was erroneous, the supposed error was not prejudicial.

This court reviews a district court's rulings on the admissibility of evidence for abuse of discretion, and will only overturn an evidentiary ruling that is arbitrary and irrational. United States v. Cole, __ F.3d __, 2011 WL 184550, *6 (4th Cir. Jan. 21, 2011). We will "look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." Id. (internal quotation marks omitted). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Such evidence is admissible. See Fed. R. Evid. 402. "[R]elevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). Thus, evidence is relevant if it is "worth consideration by the jury" or has a "plus value." United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (internal quotation marks omitted). Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

We conclude that evidence that Santamaria assaulted a co-conspirator as the conspiracy was winding down was clearly

6

relevant toward the charged conspiracy and the charge that he intimidated a witness. We further conclude that the probative value of the evidence was significant and it was not outweighed by the danger of unfair prejudice.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED