884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff/Appellee
v.
Orazzio FAZZINO, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee
v.
Arslan MASKULI, Defendant/Appellant.
 No. 88-5188.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided Aug. 29, 1989.
 
 Ernest Raymond Alexander, Jr., John J. Schramm, Jr. (Peebles and Schramm on brief) for appellants.
 Robert H. Edmunds, Jr., United States Attorney, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and JAMES C. TURK, Chief Judge, United States District Court for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Arslan Maskuli appeals his conviction and Orazzio Fazzino appeals his sentence for conspiracy to possess heroin with intent to distribute and to distribute heroin. 21 U.S.C. Sec. 846 and 841(b)(1)(A). Fazzino was sentenced under the Sentencing Reform Act of 1984, 18 U.S.C. Sec. 3551 et seq. and the sentencing guidelines promulgated by the United States Sentencing Commission. Maskuli was sentenced outside the guidelines.
 
 
 2
 Maskuli contends that his conviction should be overturned because the district court denied his motion for severance and because there was insufficient evidence to support the conviction. Fazzino contends that he should have been sentenced outside the sentencing guidelines because the alleged conspiracy began before the effective date of November 1, 1987. Fazzino also argues that if the guidelines do apply, he is entitled to a downward adjustment in the Offense Level for "minimum participation" in the conspiracy. Finding the appeals to be without merit, we affirm.
 
 I.
 
 3
 The investigation of heroin trafficking which resulted in the indictment of Maskuli and Fazzino centered on an individual named Salvatore D'Angelo, who was the cousin of Fazzino. The evidence at trial established that the conspiracy began before the effective date of the sentencing guidelines, but continued until a date after the guidelines became effective.
 
 
 4
 The evidence presented at trial indicated that an exchange of money for heroin was made on July 22, 1987. The parties met at the Marriott at Laguardia Airport in New York. D'Angelo made a phone call to a beeper telephone number and an incoming call was received shortly thereafter. The arrangements were made with the caller to meet in the hotel bar at approximately 8:00. At the appointed hour, D'Angelo went to the hotel lobby and was observed talking to Maskuli. D'Angelo and Maskuli shook hands and went into a gift shop where Maskuli passed a bag to D'Angelo. Maskuli went to the hotel lounge and D'Angelo returned to the hotel room where the undercover agent was waiting. After the transaction was completed, D'Angelo returned to the hotel bar, where he sat with Maskuli for a few minutes. They then left the bar together, with Maskuli carrying the package of $60,000 in cash under his arm. Maskuli left the parking lot in a car registered in his name and drove home.
 
 
 5
 The standard for reviewing the trial court's denial of a defendant's motion for acquittal on the basis of insufficient evidence is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307 (1979) (emphasis in original). Reversal for failure to present sufficient evidence should be limited to those cases where the prosecution's failure to prove its case is clear. Burks v. United States, 437 U.S. 1 (1978). The evidence discussed above is sufficient to support the jury's verdict. The evidence that Maskuli was at certain times in sole possession of both a half kilogram of heroin and $60,000 in cash indicates clearly that he was trusted by those at the heart of the conspiracy. There was, as stated by the trial judge, abundant evidence of Maskuli's guilt.
 
 II.
 
 6
 Maskuli also asserts that his conviction should be overturned because his motion to sever was denied. The defendants were indicted in a conspiracy count which alleged a single conspiracy. In such cases, joinder of defendants is highly favored. See United States v. Tedder, 801 F.2d 1437 (4th Cir.1986), cert. denied --- U.S. ----, 107 S.Ct. 1585, 94 L.Ed.2d 775 (1987). The rule that those who are indicted together should be tried together applies with greater force to conspiracies. United States v. Moeckly, 769 F.2d 453 (8th Cir.1985), cert. denied 476 U.S. 1104 (1986). Where, as here, the allegations on the face of the indictment establish a single conspiracy, there is no inherent prejudice to the defendant and joinder is permitted. United States v. Grassi, 616 F.2d 1295 (5th Cir.), cert. denied 449 U.S. 956 (1980). Consequently, the joinder of defendant Maskuli was proper.
 
 
 7
 Where defendants are properly joined, the decision to deny severance is within the sound discretion of the district court and must not be reversed unless the defendant affirmatively demonstrates clear abuse of discretion, that he has been deprived of a fair trial and has suffered a miscarriage of justice. United States v. Spitler, 800 F.2d 1267 (4th Cir.1986). Maskuli's motion to sever was based on his position that, should he be convicted, he should be sentenced outside the sentencing guidelines. Because the trial court decided to sentence Maskuli outside the guidelines anyway, Maskuli cannot demonstrate any prejudice or abuse of discretion on the part of the district judge. The denial of the motion to sever does not require that Maskuli's conviction be overturned.
 
 III.
 
 8
 Appellant Fazzino does not appeal his conviction, but contends that his sentence was improper. Fazzino first argues that he should have been sentenced outside the sentencing guidelines because the evidence relating specifically to him involved acts committed before the effective date. The indictment alleges and Fazzino was convicted of a heroin trafficking conspiracy that existed from December 9, 1986 until March 31, 1988. The sentencing judge determined, however, that Fazzino's involvement in this conspiracy lasted until the time of his arrest on March 31, 1988, after the effective date of the sentencing guidelines, and that the guidelines would govern Fazzino's sentence.[1] Conspiracy is a continuing offense and participants are responsible for the acts of the conspiracy until they affirmatively withdraw. While Fazzino was not seen by law enforcement officers after the effective date of the guidelines, there is no evidence that he attempted to withdraw from the conspiracy before November 1, 1987.
 
 
 9
 The lower court's holding does not violate the ex post facto provision of the Constitution. No such violation occurs where a defendant is sentenced for a conspiracy which began before, but terminated after, the effective date of a new law which enhances the punishment for the offense. United States v. Goldberger, 197 F.2d 330 (3rd Cir.), cert. denied 344 U.S. 833 (1952). For ex post facto purposes, the date of the last overt act committed in the conspiracy is the crucial element. Leyvas v. United States, 371 F.2d 714 (9th Cir.1967). In this case, that crucial date is March 31, 1988, after the effective date of the guidelines, and the district court properly found that the case was governed by the sentencing guidelines.
 
 IV.
 
 10
 Fazzino next asserts that, if the guidelines do apply to his case, he is entitled to a downward adjustment in the Offense Level for "minimum participation" in the conspiracy. The sentencing judge declined to make this adjustment and this Court agrees with his decision. The commentary to section 3B1.2 states that downward adjustments for minimum participation should be used infrequently. The adjustment is for defendants who play very minor roles in major conspiracies and who are clearly less culpable than the others charged in the indictment.
 
 
 11
 The evidence supports the district court's denial of the "minimum participation" adjustment in Fazzino's case. Fazzino served as a courier but, more importantly, he was a middleman between the primary participants. His involvement directly enabled D'Angelo to obtain the heroin which he distributed. The sentencing court's finding of fact that Fazzino was not a minor participant is not clearly erroneous and should be affirmed.
 
 V.
 
 12
 In accordance with the foregoing, all convictions and sentences are
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This holding is consistent with the Sentencing Commission's position that a defendant convicted of a conspiracy which began prior to November 1, 1987, but concluded after that date should be sentenced under the guidelines